**DONG YUP LEE, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 22502.

United States Court of Appeals
Ninth Circuit.

March 4, 1969.

---

Jack T. Price (argued), Los Angeles, Cal., for petitioner.

Dzintra I. Janavs (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty.,

**1112**

Los Angeles, Cal., Joseph Sureck, I.N.S., San Pedro, Cal., Stephen Suffin, I.N.S., San Francisco, Cal., Ramsey Clark, Washington, D. C., for respondent.

Before BARNES, MERRILL and CARTER, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from a decision of the Board of Immigration Appeals which affirmed the order of a special inquiry officer, denying petitioner's application for adjustment of status under 8 U.S.C. § 1255 and finding petitioner subject to deportation on the charge of remaining in this country beyond the period permitted by his visa, under 8 U.S. C. § 1251(a) (2). We have jurisdiction of the appeal pursuant to 8 U.S.C. § 1105a. Hitai v. Immigration & Nat. Serv., 343 F.2d 466 (2d Cir.1965).

The prior history of this case is as follows. In 1964, petitioner was issued a nonimmigrant visa under the provisions of 8 U.S.C. § 1101(a) (15) (H) (i), since he qualified as "an alien having a residence in a foreign country which he has no intention of abandoning (i) who is of distinguished merit and ability and who is coming temporarily to the United States to perform temporary services of an exceptional nature requiring such merit and ability." Thereafter, he entered and toured the United States with the Arirang Dance Company of Korea, as one of the musicians for the group. On May 26, 1966, petitioner filed a visa petition with the Immigration and Naturalization Service in Los Angeles, seeking to have himself classified as a preference quota immigrant under 8 U.S.C. § 1153(a) (3), as a qualified immigrant who because of his "exceptional ability in the * * * arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States." On the same date, petitioner also filed an application to have his status adjusted to that of a permanent resident, under 8 U.S.C. § 1255.

On January 9, 1967, the visa petition was denied on the ground that petitioner did not possess "exceptional ability" as a musician. The denial was appealed to the Regional Commissioner of the Immigration and Naturalization Service, and the denial was affirmed and the appeal dismissed. Thereafter, petitioner moved to reopen and reconsider the denial of his petition for preference classification, and on February 5, 1969 the Regional Commissioner denied this motion, stating that petitioner failed to meet the academic standards required of members of the professions, and that petitioner failed to establish that he is an alien of "exceptional ability." On the present appeal, we do not and cannot consider the correctness of these two decisions, because they are not final orders of deportation. See Yamada v. Immigration & Nat. Serv., 384 F.2d 214 (9th Cir.1967).

Deportation proceedings were instituted against petitioner by the issuance of an order to show cause, on May 5, 1967. In these proceedings, petitioner renewed his application for permanent residence. After a hearing on June 12, 1967, a special inquiry officer denied the application and found petitioner subject to deportation. (R. 11–15.) The appeal from this decision was later dismissed by the Board of Immigration Appeals. (R. 1–4.) The instant appeal was then instituted. After petitioner filed his notice of appeal in this case, he filed a notice of motion for continuance of hearing on his petition for judicial review, for the reason that his motion to reconsider the denial of preference classification was then pending. A decision on that motion having come down on February 5, 1969, the motion for continuance has been withdrawn as moot.

Petitioner here argues that he established that he was entitled to be classified as a preference quota immigrant within the meaning of § 1153(a) (3) and that, therefore, the Service should be ordered to classify him as such and ordered to reopen the deportation proceeding to permit him to renew his ap-

plication for permanent residence. He makes two basic contentions in support of this argument. First, he claims that the various documents, letters and newspaper articles filed on his behalf (and appearing in the supplemental record and his opening brief), in compliance with 8 C.F.R. § 204.2(f) (1), show that he has such "exceptional ability" in the arts as to make him eligible for preference status. Second, he asserts that his "exceptional ability" is shown by the fact that he was issued a visa for a temporary visit to the United States as an alien "of distinguished merit and ability" who was coming to perform services "of an exceptional nature requiring such merit and ability."

The various letters filed by petitioner were written by both musicians and non-musicians, including the President of the Korean Chamber of Commerce of California, the Executive Secretary of the Korean National Association, the Minister of the Korean Methodist Church, the Consul General of the Republic of Korea, a professor from the University of Washington School of Music, a composer in residence to the Seattle Symphony, the Assistant Music Coordinator of the Department of Municipal Art of the City of Los Angeles, and a professor of music at the California State College at Los Angeles. Petitioner also filed a certificate of his graduation from the National Classical Music Institute of Korea, and numerous articles praising the Arirang group. The letters indicate that petitioner is a musician of considerable talent in the field of classical Korean music; the articles, while they commend the Arirang group, do not give petitioner any particular recognition—or even mention his name. A letter from the Department of Health, Education and Welfare states that graduation from the Music Institute qualifies one to enter university in Korea.

Few judicial decisions have dealt with the question of when an alien can be considered an artist of such exceptional ability as to be entitled to visa preference. However, in United States ex rel. Deliannis v. Commissioner of Immigration, 298 F. 449 (2d Cir.1924), the court did conclude that the petitioner was not an artist, citing the fact that while he played in an orchestra, he did not do so as a soloist, and was never advertised as an artist.

■■ In reviewing the denial of a preference classification, this court is limited to the determination of whether the Attorney General abused his discretion. Roumeliotis v. Immigration & Nat. Serv., 304 F.2d 453 (7th Cir.), cert. denied 371 U.S. 921, 83 S.Ct. 288, 9 L.Ed. 2d 230 (1962); Bergen Dress Co. v. Bouchard, 304 F.2d 145, 148 (3d Cir. 1962); Maggiore Bakery, Inc. v. Esperdy, 238 F.Supp. 374 (S.D.N.Y.1964); Nippon Express U.S.C., Inc. v. Esperdy, 261 F.Supp. 561, 565 (S.D.N.Y.1966). While we may agree that there is some evidence to support petitioner's position, we cannot conclude as a matter of law, on the basis of the record before us, that the denial of a preference classification was an abuse of discretion.

■ Nor can we accept petitioner's argument that his temporary visa qualified him for permanent residence. The requirement of "exceptional ability" for permanent residence is more stringent than the requirement of "distinguished merit and ability" for a temporary visit. Were we to construe the two terms as synonymous, we would subvert the purpose of 8 U.S.C. § 1101(a) (15) (H). This section "was enacted for the sole advantage of the United States and not as a 'loophole' for the benefit of non-quota aliens." Hess v. Esperdy, 234 F. Supp. 909, 912 (S.D.N.Y.1964).

■ Thus, since denial of preference status was a proper exercise of discretion, and a visa under the nonpreference quota was not available, the Board correctly determined that petitioner was not eligible for relief under 8 U.S.C. § 1255(a), for one of the requirements for such relief is that an immigrant visa be immediately available to the alien at the time his application is approved. Dombrovskis v. Esperdy, 321 F.2d 463 (2d

Cir.1963); Application of Malimali, 264 F.Supp. 308 (D. Hawaii 1967).

No abuse of discretion or error of law having been shown, the decision of the Board of Immigration Appeals is affirmed.