Rose-Marie Ofelina Del Rosario
**PIZARRO, Appellant,**

v.

**DISTRICT DIRECTOR OF the UNITED
STATES IMMIGRATION AND NAT-
URALIZATION SERVICE, Appellee.**

No. 22915.

United States Court of Appeals
Ninth Circuit.

Aug. 20, 1969.

Hiram W. Kwan (argued), Los Angeles, Cal., for appellant.

Carolyn Reynolds (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., Los Angeles, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and McNICHOLS, District Judge *.

McNICHOLS, District Judge:

Appellant, considering herself aggrieved by an administrative decision of the appellee, obtained, in the district court, a judicial review of that decision. Jurisdiction was laid below under the Declaratory Judgment Act (28 U.S.C. § 2201) and Chapter 7 of the Administrative Procedure Act (5 U.S.C. § 701 et seq.)[1]

Miss Pizarro, an alien, being a native and citizen of the Philippines, lawfully entered the United States as a non-immigrant visitor in October, 1965. She received an extension of stay in that category until April 23, 1967.

On April 11, 1967, appellant filed a petition for a preference status under Section 203(a) (3) of the Immigration and Naturalization Act, as amended (8 U.S.

* The Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation.

1. Either habeas corpus or declaratory judgment proceedings are appropriate to re-

view deportation or exclusion orders. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868; Brownell v. Tom We Shung, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225; Arellano-Flores v. Rosenberg, 310 F.2d 118 (9 Cir. 1962).

C. § 1153(a) (3)) (hereinafter referred to as the "Act"), as a professional trained in psychology. The referenced statute provides in applicable part as follows:

"(a) * * *

"(3) Visas shall next be made available * * * to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States."

The Act defines the term "profession" to "include, but not be limited to architects, engineers, lawyers, physicians, surgeons and teachers in elementary or secondary schools, colleges, or academies, or seminaries." 8 U.S.C. § 1101(a) (32).

From the record before us, it appears that the appellant holds a Bachelor of Science Degree with a major in psychology granted by the University of Santo Tomas, Manila, Philippines, on March 24, 1961. She completed twelve units in the faculty of medicine and surgery and served as a psychology intern from November, 1960 to June, 1961 at the Luna General Hospital, Quezon City, Philippines. It is to be noted that this internship was served generally during the last year of studies leading up to the Bachelor of Science degree. Her only subsequent employment has been as a receptionist for an insurance company in Manila for some nine months immediately preceding her entrance into the United States.

As provided by statute[2] appellant's application for preferential status was submitted to the Department of Labor for initial certification. This certification classified the appellant as a "psychologist, clinical" as qualified as a professional scientist and certified that there were not sufficient United States workers available in the field and that employment would not adversely affect wages or working conditions of the similarly employed in this country. Thus the way was opened for the Attorney General to consider the application on its merits.

On the foregoing state of the record the matter was submitted to the District Director of the Immigration and Naturalization Service for decision. That official denied appellant's application on the ground that she did not possess "the minimum educational and specific vocational preparation requirements" for professional recognition and employment in the field of psychology. A timely appeal was taken to the Regional Commissioner of the Immigration and Naturalization Service. The Regional Commissioner in a comprehensive and well reasoned opinion, affirmed the District Director's decision and denied the appeal.

In his opinion the Regional Director accurately recognized and defined the question presented by Miss Pizarro's petition:

"The issue to be determined in this case is whether or not the petitioner, by reason of her having acquired an undergraduate degree in psychology, will qualify her (sic) for recognition as a member of the professions."

After a consideration of the relatively few departmental precedents and examination of various Department of Labor publications[3] the Regional Commissioner stated as a general premise:

"While the acquisition of a baccalaureate degree is a minimum academic requirement for recognition as a member of the professions, the acquisition of such a degree does not automatically and by itself make the holder a member of the professions. Some occupations require a degree above the level of a baccalaureate degree to qualify as a professional in their field of study. The definition of professional, quoted above, includes

2. 8 U.S.C. § 1154(b); 8 U.S.C. § 1182(a) (14).

3. Dictionary of Occupational Titles, Third Edition, Vol. II; Occupational Outlook Handbook.

doctors and surgeons and it is well established that a baccalaureate degree alone will not qualify a person as a doctor or surgeon and that advanced degrees are a requisite for recognition in the professions of medicine and surgery."

He then specifically held:

"The profession of psychologist deals with the complex matters of mental and social behavior of an equally complex society. The holder of an undergraduate degree in psychology may not be classed as a member of the professions solely by reason of such a degree. While such persons may be employed in occupations which utilize their academic preparation, such persons are not classed as professional psychologists. A graduate degree or professional experience the equivalent of a graduate degree for recognition as a member of the professions in the field of psychology is needed. The petitioner in the instant case does not have a graduate degree in psychology and has only six months internship in clinical psychology, three months of which were served during the last semester of school year in which she earned her undergraduate degree. It is concluded that the petitioner does not have the high level of academic training or experience to qualify as a member of the professions. The decision of the District Director was proper. The petitioner is not eligible for the preference classification sought. The appeal will be dismissed."

This decision of the Regional Commissioner became the final administrative action and review was sought below. The district court, after an examination of the administrative record, entered a summary judgment for the appellee and this appeal followed.

■ The scope of judicial review in cases of denial of preference visas is very narrow. We are limited to a determination as to whether the Attorney General has abused his discretion in denying the classification required for the preferential visa. Dong Yup Lee v. United States Immigration and Naturalization Service, 407 F.2d 1110 (9th Cir. 1969). Here the District Director and the Regional Commissioner considered appellant's educational accomplishments in the light of the requirements for professional standing as a psychologist. They examined comparable precedents and reviewed established and authoritative publications on the subject. From this examination and review, it was concluded that a Masters Degree in psychology or the equivalent thereof was a minimum requirement for status as a professional psychologist to qualify for a preference visa under 8 U.S.C.A. § 1153(a) (3). On this basis it was then held that the appellant, with only a baccalaureate degree and minimum practical experience, did not have the educational qualifications requisite for professional standing.

■ We are persuaded that there existed a rational basis for the order of the appellee and that the determination was supported by substantial evidence. There was therefore no abuse of discretion by the Attorney General, or his designees, in denying to appellant a professional classification for a preferential visa.

The district court correctly granted summary judgment and we affirm.