**SONG JOOK SUH, Appellant,**

v.

**George K. ROSENBERG, District Director, Immigration & Naturalization Service, Appellee.**

**No. 24270.**

United States Court of Appeals,
Ninth Circuit.

Feb. 11, 1971.

---

Hiram W. Kwan, Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and CROCKER, District Judge.*

BARNES, Circuit Judge:

This is an appeal of a summary judgment granted by the District Court in favor of appellee Rosenberg, thus affirming the finding of the Immigration and Naturalization Service that appellant did not qualify for a third preference classification as a professional.

At the outset, appellee raises objection to this Court's jurisdiction. Jurisdiction in the District Court was based on 28 U.S.C. § 2201 (Declaratory Judgment Act) and 5 U.S.C. § 701 *et seq.* (Administrative Procedure Act). The summary judgment was entered September 16, 1968. On September 25, 1968, appellant moved pursuant to Rule 59 Fed.R. Civ.P. for a new trial. That motion was pending at the time the Notice of Appeal was filed, October 2, 1968. The motion for new trial was denied November 4, 1968. Appellee filed a Motion to Dismiss Appeal with this Court on August 11, 1969, on the ground that the Notice of Appeal was premature and therefore null. On August 26, 1969, this Court denied without prejudice the Motion to Dismiss. Appellee now renews that contention challenging the propriety of this Court's jurisdiction.

This civil appeal is taken pursuant to 28 U.S.C. § 1291. Rule 3 of the Federal Rules of Appellate Procedure requires that a Notice of Appeal be filed to effectuate jurisdiction in the appellate court. Rule 4 determines the timeliness of the filing. Rule 4(a) Fed.R.App.P. provides:

"[T]he running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the district court by any party pursuant to the Federal Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: * * * (4) denying a motion for a new trial under Rule 59."

Thus the question is whether Appellant's Notice of Appeal was premature as filed, and therefore null.

In this case the notice of appeal stated that the appeal was from the judgment. On its face, the judgment was final and thus appealable. That judgment was never vacated or modified. The motion for a new trial merely postponed the time within which a notice of appeal was required to be filed. It is true that had the motion been granted, the judgment would have been vacated and a new judgment ultimately entered. That judgment would then have been the only appealable judgment, and the notice of appeal previously filed would have been aborted. Not so here. The motion was denied; the judgment stands; it is the only appealable judgment, it is the one to which the notice refers. To hold, under such circumstances, that the notice of appeal is void, and that we have no jurisdiction, would be technical in the extreme. Neither the decisions of the Supreme Court nor those of this Court require such a result.

---

* Honorable Myron D. Crocker, United States District Judge, Fresno, California, Eastern District of California, sitting by designation.

Lemke v. United States, 1953, 346 U. S. 325, 74 S.Ct. 1, 98 L.Ed. 3 is closely in point. There, a convicted defendant was sentenced on March 10. He filed a notice of appeal on March 11. Judgment was not entered until March 14. No new notice of appeal was filed. This Court dismissed the appeal as premature. The Supreme Court reversed per curiam, saying: "The notice of appeal filed on March 11, was, however, still on file on March 14 and gave full notice after that date, as well as before, of the sentence and judgment which petitioner challenged. We think the irregularity is governed by Rule 52(a) which reads 'Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.'" (Id. at 326, 74 S.Ct. at 1.) That language is applicable here.

Also closely in point is Foman v. Davis, 1962, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222. On December 19, a judgment was entered dismissing the complaint. On December 20, appellant filed a motion to vacate. On January 17, he filed a notice of appeal from the December 19 judgment. On January 23, the Court denied the motion to vacate. On January 26, appellant filed a notice of appeal from the January 23 order. The Court of Appeals dismissed, reasoning that because of the pendency of the motion the first notice of appeal was premature and that the second notice of appeal did not purport to be from the judgment, but only from the later order. Speaking through Mr. Justice Goldberg, the Supreme Court reversed. He said: "With both notices of appeal before it (even granting the asserted ineffectiveness of the first), the Court of Appeals should have treated the appeal from the denial of the motions as an effective, although inept, attempt to appeal from the judgment sought to be vacated. Taking the two notices and the appeal papers together, petitioner's intention to seek review of both the dismissal and the denial of the motions was manifest."

\*　　\*　　\*　　\*　　\*　　\*

"It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' Conley v. Gibson, 355 U.S. 41, 48 [78 S.Ct. 99, 2 L.Ed.2d 80]. The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1." (Id. at 181–182, 83 S.Ct. at 229–230.)

These comments are also applicable here.

See also: United States v. Arizona, 1953, 346 U.S. 907, 74 S.Ct. 239, 98 L. Ed. 405, summarily reversing this Court's decision reported at 206 F.2d 159; Hoiness v. United States, 1948, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16.

United States v. Crescent Amusement Co., 1944, 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160, does not require a different result. There, judgment was entered on May 17. Motions to amend the judgment were filed. While the motions were pending, appeal by the United States was allowed. Thereafter, the court ruled on the motions, following which a second appeal was allowed. Appellees moved to dismiss on the ground that the first appeal was premature and that the second appeal was void because the court lost jurisdiction to allow it when it allowed the first. The Court, however, refused to permit appellee to draw this circle. It agreed that the first appeal was premature, so that the trial court retained jurisdiction to allow the second. It dismissed the first appeal, but not the second. The case closely resembles Foman v. Davis, *supra*. It is not authority for treating a prematurely filed notice as void for *all* purposes. The Court had no occasion to say

what it would have done if the second appeal had not been allowed.

A line of recent decisions by this Court also points to a holding that the appeal was validly taken in this case.

In Firchau v. Diamond National Corporation, 9 Cir., 1965, 345 F.2d 269, the trial court granted a motion to dismiss the complaint on June 25. On July 21, a notice of appeal from that order was filed. On July 24, a judgment dismissing the action was entered. No further notice of appeal was filed. We held that the June 25 order was not appealable, but that the July 21 notice should be treated as an appeal from the July 24 judgment, "overlooking as a technical defect not affecting substantial rights, the premature filing of that notice" (Id. at 271). We cited Lemke, supra, noting that Rule 61, F.R.Civ.P. is similar to Rule 52(a) F.R.Crim.P., relied upon in Lemke. Surely, if the premature notice in Firchau is good, although it referred only to a non-appealable order rather than to the judgment, which was non-existent when the notice was filed, a fortiori the notice of appeal here, which does refer to the judgment, was good, or at least became good when the motion that temporarily suspended the judgment's finality was denied.

Ruby v. Secretary of Navy, 9 Cir., 1966, 365 F.2d 385 (in banc) is also in point. There, a motion to dismiss the complaint was ordered granted on June 17. On July 14, notice of appeal from the order was filed. On August 3, judgment dismissing the action was entered. No further notice of appeal was filed. We followed Firchau and held that the appeal was good. We also held that the premature notice of appeal did not deprive the Court of jurisdiction to enter the judgment. Thus the notice was ineffective to affect the trial court's jurisdiction, but became effective when the appealable judgment was entered.

See also Curtis Gallery & Library, Inc. v. United States, 9 Cir., 1967, 388 F.2d 358, 360; Eason v. Dickson, 9 Cir., 1968, 390 F.2d 585, 587–588.

We hold: 1. Because of the pendency of the motion for a new trial, the notice of appeal did not become effective when filed, and the trial court retained jurisdiction of the case. 2. When the motion for a new trial was denied, the judgment became final. 3. The notice of appeal, which expressly referred to that judgment, remained on file, and became effective when the judgment became final. We therefore have jurisdiction of the appeal, and the motion to dismiss is denied.

Insofar as our decisions in Segundo v. United States, 9 Cir., 1955, 221 F.2d 296, and Reconstruction Finance Corp. v. Mouat, 9 Cir., 1950, 184 F.2d 44, are inconsistent with the results that we reach, we think that they must be treated as no longer good law by reason of the decisions of the Supreme Court in Lemke, supra, and Foman, supra, and our decisions in Firchau, supra, Ruby, supra, Curtis Gallery and Library, supra, and Eason, supra.

For these reasons, we consider the merits of this appeal, which results in an affirmance of the decision of the district court.

Appellant, a thirty-year old native and citizen of Korea, entered the United States as a nonimmigrant student in 1965. On December 14, 1967, she filed a Petition to Classify Preference Status of Alien on Basis of Profession or Occupation under Section 203(a) (3) of the Act, as amended, 8 U.S.C. § 1153(a) (3). Her claim was that she was an "Instructor-Teacher of Cosmetology," and therefore qualified as a professional under the statute.

Appellant, before coming to the United States, received a Bachelor of Arts degree from Hankuk University of Foreign Students, Seoul, Korea. Her degree was in English. In the United States she studied cosmetology at the Newberry School of Beauty, Hollywood, California, for approximately ten months. Then for nearly one year she received training from the same organization as a cosmetology instructor.

Upon completion of her training, she was employed by the Newberry School of Cosmetology as an instructor. She holds an instructor's license issued by the State Board of Cosmetology of the State of California.

The District Director of the Immigration and Naturalization Service denied Appellant's petition, finding that an instructor of cosmetology is not a member of the professions within the meaning of the Act. Appellant appealed the denial to the Regional Commissioner. The Commissioner affirmed the Director's findings. With regard to Appellant's degree from Hankuk University, the Commissioner stated that while a baccalaureate degree is a minimum prerequisite to professional standing,

> " * * * not every individual who is graduated from an accredited college or university is classifiable as a member of the professions. If the degree or diploma he obtains equips the individual to enter an occupation for which the attainment of the degree or diploma is not a realistic prerequisite, that occupation may not be considered to be a profession." Matter of Asuncion, 11 I. & N. Dec. 660 (1966).

Appellant then filed the present suit for review of the denial of her petition for third preference classification. Appellee moved for summary judgment which was granted.

It is Appellant's contention on this appeal that appellee abused his discretion in denying her petition for classification as a professional and thus the District Court's summary judgment was in error.

■■ Review by the District Court of denials of preference visas is limited to determination of whether the denial was an abuse of discretion. Dong Yup Lee v. United States Immigration and Naturalization Service, 407 F.2d 1110 (9th Cir. 1969); Pizarro v. Dist. Dir. of United States Immigration and Naturalization Service, 415 F.2d 481 (9th Cir. 1969). Abuse of discretion may be found only if there is no evidence to support the decision or if the decision is based on an improper understanding of the law. Loza-Bedoya v. Immigration and Naturalization Service, 410 F.2d 343 (9th Cir. 1969). We find that there was no abuse of discretion below, and therefore affirm the District Court's grant of summary judgment.

Section 203 of the Immigration and Naturalization Act, as amended, 8 U.S.C. § 1153, provides that members of the professions or those who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the nation shall be afforded a preference in the issuance of visas. Section 101 of the Act described "profession" as including, but not limited to, architects, engineers, lawyers, physicians, surgeons and teachers in elementary or secondary schools, colleges, academies or seminaries. Since the description contained in the Act is not exclusive, the Regional Commissioner has fashioned a "test" based on the characteristics common to those professions enumerated in the Act. Basically, membership in the professions listed requires completion of a specific course of education on the college or university level and the attainment of such degree or diploma which is usually the minimum requirement for entry into those occupations. *Matter of Asuncion, supra.*

There is no dispute that Appellant is a teacher of cosmetology. The Act specifically states that teachers in elementary or secondary schools, colleges, academies, or seminaries are members of the profession, but the description does not extend to instructors in vocational schools. Thus, the Regional Commissioner applied the test set forth in *Matter of Asuncion.* The Occupational Handbook of the Department of Labor indicates that most states require cosmetologists to have a twelfth grade education, be sixteen years of age and be in good health in order to obtain a state license. Completion of a state-approved cosmetology course is recognized as adequate preparation for state board examinations. The Handbook further indicates

that experienced operators may advance to teaching positions in cosmetology schools. On the basis of the above description, the Regional Commissioner correctly found that the prerequisites for a cosmetologist, or an instructor thereof, fall far short of those professions listed in the Act. The fact that Appellant holds a Bachelor of Arts degree in English from Hankuk University is not sufficient to bring her within the category described in the Act, since the extent of Appellant's personal education has no effect upon the professional status of cosmetology and its instructors.

From the foregoing, it is apparent that the decision of the Regional Commissioner, as representative of the Attorney General, was supported by the evidence and was based upon a proper view of the Act. Thus he acted within the limits of discretion afforded by the statute, and the summary judgment of the District Court is hereby affirmed.