Nilda Jimenez **REYES**, Petitioner-Appellant,

v.

Harlow B. **CARTER**, Regional Commissioner of the Immigration and Naturalization Service, Respondent-Appellee.

**No. 25400.**

United States Court of Appeals, Ninth Circuit.

April 14, 1971.

Richard Quan (appeared), Arthur D. Cohen, of Kwan, Cohen and Quan, Inc., Los Angeles, Cal., for appellant.

Douglas Brown, Asst. U. S. Atty. (appeared), William M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and TRASK, Circuit Judges.

PER CURIAM:

Appellant seeks reversal of the District Court decision which dismissed the Petition for Judicial Review by which she sought to set aside the decision of the Immigration and Naturalization Service (herein I. & N.S.), which denied her a preference classification under § 203(a) (3) of the Immigration and Nationality Act (8 U.S.C. § 1153(a) (3) ). She claims that the District Court utilized an improper standard of review in dismissing her petition and that she is entitled to a preference classification as a professional.

■ The District Court properly followed the decision of this Court in refusing to upset a determination made by the Regional Commissioner absent a showing of abuse of discretion. Song Jook Suh v. Rosenberg, 437 F.2d 1098, decided February 11, 1971; Dong Yup Lee v. United States I. & N.S., 407 F.2d 1110 (9th Cir. 1969); Pizarro v. Dist. Dir. I. & N.S., 415 F.2d 481 (9th Cir. 1969).

■ We find that the District Court was correct in its determination that there was no abuse of discretion. Appellant had received twelve hours of undergraduate credit in accounting toward a Bachelor of Science degree in Commerce from the University of Santo Tomas, Manilla, Philippines. After arriving in the United States she took an additional 26 hours of accounting courses from Heald's Business College, an unaccredited institution. Her employment has been with Standard Oil Company where she worked in the accounting office as an "05" Clerk and performed services described in various ways, but reasonably interpreted to consist of reconciling differences on unidentified credit cards. We feel these facts constitute a sufficient basis on which the Director could determine that appellant is not, and has not, been a member of the accounting profession, and hence entitled to a preference visa. Because there exists a rational basis for his decision, that decision was not an abuse of discretion.

Affirmed.