**Aurelio M. JAVIER, Plaintiff,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Defendant.**

**No. 71 C 1405.**

United States District Court,
N. D. Illinois, E. D.

Dec. 3, 1971.

---

Richard Lowery, Chicago, Ill., for plaintiff.

William Bauer, U. S. Atty., Matt P. Cushman, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

### Motion For Summary Judgment

MAROVITZ, District Judge.

On January 6, 1971, the Plaintiff, Aurelio M. Javier, who is a Philippine citizen, entered this country as a non-immigrant for pleasure. Plaintiff was entitled to remain in the United States up to and including March 1, 1971, with such status. On or about March 4, 1971, Plaintiff submitted a visa petition with supporting documents which sought a re-classification to a third preference immigrant as an accountant under Section 203(a) (3) of the Immigration and Nationality Act as amended.

In his supporting documents, Plaintiff stated that he had attended, but had not graduated from, Jose Rizal College, in Mandoluyong, Philippines. Plaintiff attended Jose Rizal College from June of 1959 to November of 1963. The Plaintiff received 109 credits, with 30 hours in accounting while attending Jose Rizal College, and therefore never graduated.

Plaintiff, in his supporting documents, states that his work experience consisted of accounting and storekeeping for the Bureau of Customs, Manila, Philippines from February of 1963 to December of 1966. He states the nature of the business to be warehousing with his duties consisting of using an adding machine and typewriter. Plaintiff also states that he worked from January of 1966 to December of 1968 as an accounting clerk for Atlas Equipment and Machines. He states that his duties there also consisted

of the use of an adding machine and typewriter. On March 17, 1971, the District Director of the Immigration and Naturalization Service denied Plaintiff's third preference visa petition as an accountant. As the reason for his denial of the petition, the District Director stated:

"A bachelors degree with a major in accounting or education and experience equivalent to a degree is required to qualify for third preference immigrant classification as an accountant. You have only one hundred and nine (109) total college credits, and you do not have a bachelors degree and you claim no experience as an accountant. Therefore, the petition is denied." R. 11.

The Plaintiff was allowed 15 days from the date of the District Director's decision to appeal to the Regional Commissioner of the Immigration and Naturalization Service.

On March 23, 1971, Plaintiff's attorney filed a Notice of Appeal and requested 10 days in which to file a brief. On March 27, 1971 a brief was filed on behalf of the Plaintiff.

The reasons given for the appeal were that:

1. Plaintiff had 30 units in accounting which is sufficient for a major in that subject.

2. Plaintiff had experience as he had been an apprentice accountant for five years and three additional thereafter.

3. Plaintiff's education and experience were the equivalent of a bachelor's degree in the profession of accounting.

On May 5, 1971, the Regional Commissioner of the Immigration and Naturalization Service denied Plaintiff's appeal for a third preference and in his decision stated:

"The petition for preference classification as an accountant was filed by a 31-year-old native and citizen of the Philippines. The record reflects the petitioner attended Jose Rizal College, Philippines from the first semester 1959–1960 through the first semester 1962–1963. During this period he earn-

ed 109 college credits. He did not graduate and received no degree. His statements concerning employment experience submitted with his petition reflect employment from February 1963 to December 1966 as an 'accountant and storekeeper' for the Bureau of Customs, Philippines, and from January 1966 to December 1968 as an 'accounting clerk' for a machinery company in Quezon City. On appeal counsel argues that the District Director, in his decision, failed to take into consideration the petitioner's employment background; that his background, coupled with his 109 college credits, is qualifying for third preference classification. The District Director's decision was proper. The petitioner does not have a baccalaureate degree. His experience as an accounting clerk and in the position of accountant and storekeeper for the Customs Service combined with his education are not sufficient to establish that he is entitled to the classification under the provisions of Section 203(a) (3) of the Immigration and Nationality Act, as amended. The appeal will be dismissed."

On May 13, 1971, Plaintiff was notified that as a result of the denial of his appeal he was to depart from the United States on June 13, 1971.

On June 10, 1971, Plaintiff's attorney notified the Immigration and Naturalization Service of the instant action and asked that deportation be suspended until the Court disposed of the Complaint.

On July 8, 1971, the Immigration and Naturalization Service agreed to suspend action pending a decision in the District Court. On September 14, 1971, the Defendant filed its motion for summary judgment.

■ It is well established that this Court's duty in reviewing administrative immigration decisions is limited to determining whether the law in question has been properly applied and to whether there has been an abuse of discretion. Song Jook Suh v. Rosenberg, 437 F.2d 1098 (9th Cir. 1971); Pizarro v. District

Director, I.N.S., 415 F.2d 481 (9th Cir. 1969); Dong Yup Lee v. U. S. Immigration and Naturalization Service, 407 F.2d 1110 (9th Cir. 1969).

"Abuse of discretion may be found only if there is no evidence to support the decision or if the decision is based on an improper understanding of the law". Song Jook Suh v. Rosenberg, 437 F.2d 1098 at 1102. We must therefore determine whether, under the applicable statutes, Javier's request for a third preference visa was properly denied.

Section 203(a) (3) of the Immigration and Nationality Act (8 U.S.C. § 1153(a) (3)) states:

"Visas shall next be made available * * * to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States."

■ Although in its definitional section (8 U.S.C. § 1101(a) (32)) the Immigration Statute categorizes "profession" as specifically including architects, engineers, lawyers, physicians, surgeons and teachers, that list was by no means meant to be exhaustive and the Immigration and Naturalization Service has been fairly liberal in granting third preferences where some exceptional ability or evidence of professional status is present. Zoologists (Matter of Roychaudhuri, 11 I.N. 715 (1966)) and Entomologists (Matter of Nakatsug AWA, 11 I.N. 843, (1966)) to cite a couple of examples, have been admitted under this criteria.

■ Though there are no hard and fast rules as to who is a professional there are various distinguishing characteristics that aid in the decisional process. We will discuss some of these categories progressing from those instances most clearly within the realm of the third preference to those least likely to qualify. The highest form of attainment and one most conclusive of third preference qualifications is a *college degree* in the

profession under which one seeks the preference plus experience in that field. If the evidence substantiates those characteristics a District Court might well find that the denial of a third preference by the Immigration Service was an abuse of discretion. Quite understandably a college degree is the most basic requirement for professional status and the most telling factor in determining whether that status exists. Yet the simple presence of a college degree or the absence of it is not by itself dispositive of professional status.

One seeking a third preference might possess a degree yet not be considered a professional either because his vocation is not a profession or because he lacks practical experience while an applicant lacking a degree may have the redeeming ingredient of adequate experience that is equivalent to a degree depending on the profession in question.

In Tang v. District Director of the U. S. Immigration and Naturalization Service, 298 F.Supp. 413 (C.D.Cal.1969) an alien who had a degree in electronic engineering but only a few months employment in a position that was not strictly an engineering one was denied a third preference on the grounds that the institution from which he received his degree was not accredited and that his engineer-in-training position could in no way be considered as the equivalent of practicing engineering or recognition as a professional engineer.

In Pizarro v. District Director of the United States Immigration and Naturalization Service, 415 F.2d 481 (9th Cir. 1969) an alien applied for a third preference as a professional trained in psychology. The applicant held a Bachelor of Science Degree with a major in psychology yet the Immigration Service concluded that she did not have sufficient experience and that a master's degree or the equivalent thereof was a minimum requirement for status as a professional psychologist and that with only a bachelor's degree and minimum practical experience she did not have the

educational qualifications requisite for professional standing. The court said:

"After a consideration of the relatively few departmental precedents and examination of various Department of Labor publications the Regional Commissioner stated as a general premise:

'While the acquisition of a baccalaureate degree is a minimum academic requirement for recognition as a member of the professions, the acquisition of such a degree does not automatically and by itself make the holder a member of the professions. Some occupations require a degree above the level of a baccalaureate degree to qualify as a professional in their field of study.' "

In Sung Jook Suh v. Rosenberg, 437 F.2d 1098 (9th Cir. 1971) preferential status was denied to an applicant as an instructor-teacher of cosmetology. She held a bachelor's degree in English, had studied cosmetology for one year and held an instructor's license from the State Board of Cosmetology of the State of California. The court held that there was no abuse of agency discretion in view of the fact the applicant was not a "professional".

The Regional Commissioner in Matter of Asuncion, 11 I.N. 660 aptly summarized what weight a degree ought to be given in deciding professional status. The applicant held a bachelor of science degree in medical technology, completed a one-year course in medical technology, and was certified as a medical technologist yet she was denied status as a "professional". The Regional Commissioner said:

"Thus, not every individual is graduated from an accredited college or university is classifiable as a member of the professions. If the degree or diploma he obtains equips the individual to enter an occupation for which the attainment of the degree or diploma is not a realistic prerequisite, that occupation may not be considered to be a profession. Also, if the degree or diploma obtained is so avocational

in nature that it does not provide the recipient with a background which can be accepted as a realistic qualification for a specific position, the recipient would not be classifiable as a member of the professions on the basis of his educational attainment.

"On the other hand, it must be recognized that in our modern society there has been a great expansion in the number of occupations for which graduation from a college or university is indeed a realistic prerequisite. Thus, a person with a degree or diploma from an accredited university or college (or with the equivalent experience) which has equipped him to hold a position such as that of a specialized business executive, bank official, economist, mathematician, chemist, physicist, pharmacologist, etc. may be regarded as a 'member of the professions' within the meaning of section 203(a) (3), of the Act, as amended, if it is established that a person below that educational level would not realistically be qualified for entry into that field."

On the other hand, there are instances, though they are rarer, where an applicant will be granted a third preference absent a college degree. In Guinto v. District Director of U. S. Immigration and Naturalization Service, 303 F.Supp. 1094 (C.D.Cal.1969) the applicant received an elementary teacher's certificate after studying for two years in the Philippine Islands where she took courses ordinarily taught in this country as part of a college curriculum in education. She had been employed as an elementary school teacher for 18 years. The court held that it was an abuse of discretion for the Service to deny a third preference given the combination of education and experience involved.

In Matter of Bienkowski, 12 I.N. 17 (1966) applicant was granted a third preference as an economist despite the fact that he had never received any degree from an institution of higher learning. The Service taking into consideration that he had attended college

for three years, had passed a general M.A. examination, had taken the preliminary examinations for a bachelor's degree and had been employed in numerous high positions in his profession held that because of his extensive employment experience and high level of occupational attainment, notwithstanding his lack of academic achievement, he was a member of the profession.

■ Thus, we see from the entire line of cases that the definition of "profession" varies according to the particular profession involved and that a multitude of factors are taken into consideration by the Service in deciding whether to grant third preferences, the most important being the possession of an academic degree. The simplest cases involve an applicant in an acknowledged profession who has a *degree* and adequate *experience*. More difficult cases involve the presence of a *degree* but *lack of experience* where the experience or a graduate degree is an indispensible element of the profession; cases where the profession itself is dubious and must be construed; and instances where there is a lack of an academic degree but there is a vast amount of experience that could conceivably be considered as a degree equivalent. The most difficult situation occurs where there is both a lack of a degree and a questionable amount of experience. The latter category is our case.

Thus, our task in reviewing the Service's denial of a third preference must consider whether there was an abuse of discretion in the finding that Plaintiff's work experience coupled with his education short of a degree was not of a nature sufficient to fall within the genre of a "profession". In doing this we must take into consideration both the nature of accountancy, the past cases involving applications for a third preference as accountant and the particular circumstances in this case.

■ There is no doubt that an accountant is a member of a profession as envisioned in 8 U.S.C. § 1153(a) (3). The Department of Labor Dictionary of Occupational Titles, Volume II, Third Edition, states that accountants compile and analyze business records and prepare financial reports, such as profit and loss statements, balance sheets, cost studies and tax reports. In Matter of Doultsinos, 12 I.N. 153 (1967) the petitioner held a bachelor of science degree in accounting from a college in Greece and attended the University of Maryland from 1961 to 1964 taking graduate courses in economics. The District Director concluded that a person with a bachelor's degree in accounting or a combination of education and experience equivalent to such a degree, is a member of the professions within the meaning of section 101(a) (32) and 203(a) (3) of the Act.

In the Matter of Aranji, 12 I.N. 649 (1967) the petitioner for a third preference as an accountant was awarded a bachelor of commerce degree where he specialized in accounting and auditing; had done post graduate work toward a master of commerce degree, part-time from 1961 to 1965; was a member of the Association of International Accountants, London, England, reflecting eligibility to engage in public accountancy; had been an assistant accountant for three years and an assistant secretary for several years with a chemical firm. His work experience with the company was described as supervising the different aspects of accounting functions that one comes across in a manufacturing firm, taking charge of taxation matters, dealing with banks and financial institutions, preparing project reports, preparing financial reports, setting up accounting systems and supervision over accounting matters, consideration of tax implications in a new venture, and organizing and handling public issue of shares and legal problems. Interestingly enough, despite all of these qualifications, the Department of Labor pursuant to request by the District Director held in an advisory opinion that he was not considered to be qualified based in part on a finding by the Department of Health, Education and Welfare that in terms of education in the United States the applicant's bachelor of commerce degree was equivalent to a

high school education plus two years of college. The Regional Commissioner, however, based on the aggregate of his work experience and educational background overruled the District Director and granted the third preference.

 We must now juxtapose *Aranji* with Plaintiff Javier who has no degree (though he has received almost all of the credits necessary for one), has not pursued graduate courses and who does not have anywhere near the amount of "true" accounting experience that *Aranji* had. The Plaintiff does not allege and it does not appear that in his eight years as accountant and storekeeper for the Bureau of Customs and in his years as accounting clerk for Atlas Equipment that he performed the functions that would be expected of an accountant in his country. He certainly did not have anywhere near the experience that *Aranji* had and yet the latter's status was quite questionable, so much so that the Department of Labor and the District Director thought him to be not qualified.

Based on the foregoing facts and the trend of cases in the third preference area we cannot say that the Service abused its discretion in denying the third preference. It is admittedly a close case and that this Court might well have decided differently if it was in the position of the Service is not relevant. Precisely because this Court's duty is not to put itself in the place of the Service but, rather, to determine the perameters within which the Service may reach a decision, we must hold that there has been no abuse of administrative discretion in determining that Javier's educational background and work experience in conjunction do not equal professional qualification. This is the very meaning of discretion—that there is a number of ways in which an issue can be decided—and as long as that discretionary decision is within the bounds delineated by the Statute we cannot interfere.

 Neither can we find a lack of due process in the basis of the Regional Commissioner's decision. He clearly stated that:

"The petitioner does not have a baccalaureate degree. His experience as an accounting clerk and in the position of accountant and storekeeper for the Customs Service combined with his education are not sufficient to establish that he is entitled to the classification under the provisions of Section 203(a) (3) of the Immigration and Nationality Act, as amended."

Thus, Plaintiff was clearly informed on what grounds his appeal was denied and that both his work experience and educational background had been taken into consideration.

Defendant's Motion For Summary Judgment is granted and Plaintiff's Cross Motion For Summary Judgment is denied.