**Florencio DIAZ, Plaintiff-Appellant,**

v.

**DISTRICT DIRECTOR, IMMIGRATION AND NATURALIZATION SERVICE, SAN FRANCISCO, CALIFORNIA, Defendant-Appellee.**

No. 72–1103.

United States Court of Appeals, Ninth Circuit.

Oct. 6, 1972.

---

Wellington Y. Kwan (argued), Los Angeles, Cal., for plaintiff-appellant.

Stephen M. Suffin (argued), William B. Spohn, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for defendant-appellee.

Before LUMBARD,* MERRILL and KILKENNY, Circuit Judges.

PER CURIAM.

Appellant brought suit for a declaratory judgment establishing his entitlement to Third Preference status as a member of the professions under § 203 (a)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(3).[1] This appeal is taken from summary judgment of the District Court upholding the ruling of the Immigration and Naturalization Service denying him that status.

Appellant is a native and a citizen of the Republic of the Philippines. He is a graduate of Far Eastern University, Manila, where, majoring in accounting, he was granted a degree of Bachelor of Science in Commerce. He contends that he is an accountant and, as such, a member of the professions under the Act.

The Regional Commissioner concluded that appellant had, since graduation in 1964, been employed as a bookkeeper rather than as an accountant. Following his prior decision in Matter of Medina, Interim Decision 2030 (March 18, 1970),

(squarely in point upon the precise question here presented), the Regional Commissioner ruled that the applicant must be a member of the professions at the time the petition is filed; that he has the burden of proof in establishing his eligibility; and that appellant had failed to meet that burden.

As this court stated in Pizarro v. District Director of United States Immigration and Naturalization Service, 415 F. 2d 481, 483 (9th Cir. 1969):

"We are persuaded that there existed a rational basis for the order of the appellee and that the determination was supported by substantial evidence. There was therefore no abuse of discretion by the Attorney General, or his designees, in denying to appellant a professional classification for a preferential visa."

Judgment affirmed.

---

* Honorable J. Edward Lumbard, Senior United States Circuit Judge of the Second Circuit, sitting by designation.

1. "(a) Aliens who are subject to the numerical limitations specified in section 1151(a) of this title shall be alloted visas or their conditional entry authorized, as the case may be, as follows: * * *

(3) Visas shall next be made available * * * to qualified immigrants who are members of the professions * * *."