**DONG IN CHUNG, Plaintiff,**

**v.**

**U.S. IMMIGRATION & NATURALIZATION SERVICE, Defendant.**

**No. C85–1682V.**

United States District Court,
W.D. Washington.

May 1, 1987.

Dan P. Danilov, Seattle, Wash., for plaintiff.

Christopher L. Pickrell, Asst. U.S. Atty., Seattle, Wash., for defendant.

ORDER

VOORHEES, District Judge.

Having considered the motions of the parties for summary judgment, together with the memoranda and the Certified Record of the Immigration and Naturalization Service proceedings, the Court now finds and rules as follows:

1. This is an action for review of the denial by the Immigration and Naturalization Service (INS) of plaintiff's request for an extension of his temporary stay in the United States. Plaintiff is a Korean national who was granted nonimmigrant treaty investor status under 8 U.S.C. § 1101(a)(15)(E)(ii) on November 29, 1983. His request for an extension of his temporary stay was denied on April 10, 1985, and a motion for reconsideration of the denial was denied on July 26, 1985. This action was instituted to review those decisions, and both parties now seek summary judgment.

2. This Court is authorized to review the decision to deny plaintiff's request for an extension, but this review is limited to determining whether the denial was arbitrary, capricious or an abuse of discretion. *Kun Young Kim v. District Director,* 586 F.2d 713, 716 (9th Cir.1978). Failing to follow established agency precedents may constitute an abuse of discretion. *Israel v. Immigration & Naturalization Serv.,* 785 F.2d 738, 740 (9th Cir.1986). In addition, the Court must evaluate the agency's treatment of the evidence and make sure that the agency considered all of the relevant factors in the record as a whole. *Choi v. United States Immigration & Naturalization Serv.,* 798 F.2d 1189, 1191 (8th Cir. 1986). Nevertheless, an abuse of discretion may be found only if there is no evidence to support the decision, or if the decision is based on an improper understanding of the law. *Song Jook Suh v. Rosenberg,* 437 F.2d 1098, 1102 (9th Cir. 1971). Plaintiff bore the burden, in the administrative proceedings, of establishing that he satisfied the requirements of the treaty investor status. *Matter of Brantigan,* 11 I. & N.Dec. (1966).

3. Plaintiff sought to have his status as a nonimmigrant treaty investor extended. A nonimmigrant treaty investor is a nonimmigrant alien admitted to the United States:

> solely to develop and direct the operations of an enterprise in which he has invested, or of an enterprise in which he is actively in the process of investing, a substantial amount of capital.

8 U.S.C. § 1101(a)(15)(E)(ii). Under regulation promulgated by the State Department and accepted by the INS, *see Kim,* 586 F.2d at 716, an alien may qualify as a treaty investor if he meets the above statute's requirements and is able to demonstrate that:

> (1) He intends to depart from the United States upon the termination of his status; and (2) he is an alien who has invested or is investing capital in a bona fide enterprise and is not seeking to proceed to the United States in connection with the investment of a small amount of capital in a marginal enterprise solely for the purpose of earning a living....

22 C.F.R. § 41.41(a). The standard of "a small amount of capital in a marginal enterprise solely to earn a living" must be applied to each situation in its entirety, and one factor that must be considered is the availability of other assets to cover living expenses. *Matter of Kung,* 17 I. & N. Dec. 260, 262 (Comm.1978) (reversing denial of treaty investor status because alien had access to $46,000.00 to provide for living expenses).

4. One of the factors underlying the decision of the INS not to extend plaintiff's temporary stay was apparently that he had not carried his burden of showing that his investment, a motel, was not a "marginal enterprise solely for the purpose of earning a living." *See* Certified Record (CR) 85. In denying plaintiff's motion for reconsideration, the INS stated:

> The applicant has submitted no evidence of other investments or sources of income which would establish that the investment in question here is an investment as contemplated ...[by] the Act....
>
> The record does not establish that the investment meets the criteria for substantiality and is more than a marginal investment solely for the purpose of earning a living.

CR 04. The argument submitted in support of the motion of the INS for summary judgment indicates that plaintiff failed to show any sources of income other than the motel. *See* Defendant's Memorandum in Support at 5.

5. When plaintiff originally applied for treaty investor status, he submitted evidence of several assets. These included stock in Korean companies worth approximately $18,000.00 (CR 166), two pieces of real estate in Korea (CR 167–81) and bank accounts in Korea. After plaintiff requested an extension of his temporary stay, the INS requested additional information from plaintiff regarding his financial status. CR 130. Plaintiff responded with evidence of significant assets. *See* CR 131 (letter from plaintiff's counsel summarizing the evidence submitted). The evidence submitted by plaintiff indicated that plaintiff held the following assets:

*Korean Military Pension:* $424.00/month (approx.) (CR 122–25)

*Bank Accounts/Certificates of Deposit* (CR 126–29)

-Bank of Seoul & Trust Co.—$35,-900.00 (approx.)

-Cho-Heung Bank, Ltd.—$31,500.00 (approx.)

-Hanil Bank—$23,900.00 (approx.)

-Puget Sound National Bank—$15,-700.00 (approx.) (*See also* CR 26—Balance of $56,000.00 (approx.) on April 29, 1985).

*Apartment House in Korea:* Purchase Price—$75,000.00 (approx.) (CR 111–21, 131)

The decisions of the INS do not discuss the existence of these assets and do not indicate whether the assets were considered in determining whether plaintiff's motel was a "marginal investment solely for the purpose of earning a living."

■ 6. The decision of the INS would seem to conflict with the agency precedent of *Matter of Kung, supra. See* 8 C.F.R. § 103.3(e) (decisions chosen by the Commissioner as precedents are binding on the INS in its administration of immigration laws). Plaintiff has submitted evidence of what seem to be significant assets other than the motel. These assets may well preclude a finding that the investment in the motel was made "solely for the purpose of earning a living." The Court finds that the INS abused its discretion in not expressly considering the existence of plain-

tiff's assets and explaining, in its decisions, what impact, if any, the assets had on plaintiff's request for an extension. The Court will remand this action, therefore, to the INS. On remand, the INS is to consider the entire certified record, including the evidence of assets and sources of income other than the motel, and determine whether plaintiff is entitled to an extension. The decision of the INS should make clear that all of the relevant facts of record have been considered.

Accordingly, this action is REMANDED to the Immigration & Naturalization Service for further proceedings.

The Clerk of this Court is instructed to send uncertified copies of this order to all counsel of record.