50 F.3d 19
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Suchada WONGWINYUCHON, Plaintiff-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Defendant-Appellee.
 No. 93-35447.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1994.
Decided March 7, 1995.
 
 1
 Before: KOZINSKI and FERNANDEZ, Circuit Judges and REAL,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 SUCHADA WONGWINYUCHON appeals from the judgment of the trial court affirming the decision of the Immigration and Naturalization Service (INS) to deny WONGWINYUCHON an extension of her nonimmigrant status as a student.
 
 
 4
 On August 5, 1991 WONGWINYUCHON, a citizen of Thailand entered the United States on a non-immigrant F-1 student visa.
 
 
 5
 In September of 1991 WONGWINYUCHON married Mr. YEN-CHIN-LEE, a lawful permanent resident of the United States and as such, on petition of her husband qualified for a 72A family sponsored immigrant visa. That category was over-subscribed requiring that WONGWINYUCHON wait for more than two years for approval of her status as an 72A visa holder.
 
 
 6
 WONGWINYUCHON attended Bellevue Community College for the spring quarter of 1992 until she dropped out because she was not doing well. When she ceased being a student she was no longer entitled to her F-1 student visa which required her to pursue a full course of study and to enter the United States temporarily for that purpose. 8 U.S.C. Sec. 1101(a)(15)(F)(i).
 
 
 7
 In August 1992 WONGWINYUCHON enrolled in a four-year degree program at City University, a private school in Seattle. Upon this enrollment she filed a request for reinstatement of her F-1 student visa status. The district director of the INS denied WONGWINYUCHON'S request because WONGWINYUCHON, 1) did not depart in a timely manner 2) failed to establish a foreign residence to which she intended to return, 3) was no longer a bona fide non-immigrant since her immigrant visa petition had been approved. 8 U.S.C. Sec. 1101(a)(15)(f)(i). The district court in affirming the district director's decision found that WONGWINYUCHON had no intention of leaving the United States since her change of status had been approved.
 
 
 8
 We review the district court judgment to determine whether the agency's decision was an abuse of discretion. Song Jook Suh v. Rosenberg, 437 F.2d 1098 (9th Cir.1971).
 
 
 9
 A student who fails to maintain a student status may obtain reinstatement by showing that the loss of status resulted from circumstances beyond the student's control, or that the student would suffer extreme hardship if not reinstated 8 C.F.R. Sec. 214.2(f)(16)(i). WONGWINYUCHON showed neither. WONGWINYUCHON dropped out of school because she was "not doing very well." Moreover she expressed, by her marriage and application for an immigrant F2A visa, a desire to remain permanently in the United States. That, she could not do. The intent for status as non-immigrant and immigrant are, at least here, mutually exclusive.
 
 
 10
 Although the INS documents upon which the District Director made his decision are not the epitome of clarity it cannot be said that the District Director abused his discretion or lacked a proper understanding of the law.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3