MATTER OF HUCKENBECK

In Visa Petition Proceedings

A-14185236

*Decided by Regional Commissioner January 16, 1969*

Since an industrial designer is not a member of the professions within the meaning of section 101(a)(32) of the Immigration and Nationality Act, as amended, beneficiary is ineligible for preference classification under section 203(a)(3) of the Act, as amended, as an industrial designer.

ON BEHALF OF PETITIONER: Fred W. Hill, Esquire
250 East First Street, Suite 900
Los Angeles, California 90012

This case comes forward on appeal from the decision of the District Director Los Angeles who denied the petition on November 26, 1968, in that the petitioner had failed to establish that the beneficiary, as an industrial designer, was a member of the professions eligible for preference classification under section 203(a)(3) of the Immigration and Nationality Act, as amended.

Oral argument was requested and granted. Counsel appeared with the beneficiary as scheduled.

The petitioner is an industrial design firm located in Beverly Hills, California, serving the Los Angeles area as consultants to industry in product planning, design and development of products for mass production. The petitioner seeks the services of the beneficiary as an industrial designer and filed the present petition on June 28, 1968, for classification of the beneficiary as a member of the professions under section 203(a)(3) of the Act, as an industrial designer.

The beneficiary is a 26-year-old single male, a native and citizen of Germany who was last admitted to the United States as a visitor on May 26, 1968, to August 1, 1968, and now resides in Los Angeles. The record shows that the beneficiary attended a college of industrial design in Germany from October 1962 to June 1963 and on September 5, 1964 was admitted to the United States as a student to study industrial design at an art school in

Los Angeles from which he graduated in May 1967 with a Bachelor of Science degree with a major in industrial design (product). The record also shows that the beneficiary had about four years work experience in industrial design in Germany and a year of practical training experience in industrial design in the United States.

The record indicates that the beneficiary is qualified as an industrial designer and well qualified to perfrom the duties and functions of the occupation. However, the issue in this case is to determine if the occupation of industrial designer may be considered a profession within the meaning and contemplation of section 101(a) (32) of the Act which defines the term profession and to determine whether the occupation of industrial designer requires the high degree of academic training characteristic of the professions.

Section 101(a) (32) of the Act defines the term "profession" as including but not being limited to architects, engineers, lawyers, physicians, surgeons and teachers in elementary or secondary schools, colleges, academies or seminaries.

In the *Matter of Auncion*, 11 I. & N. Dec. 660, it is stated:

Examination of the occupations named in section 101(a) (32) of the Act indicates the following characteristics common to all: (1) recognition as a member of those professions normally requires the successful completion of a specified course of education on the college or university level, culminating in the attainment of a specific type of degree or diploma; and (2) the attainment of such degree or diploma is usually the minimum requirement for entry into those occupations.

And it further states:

If the degree or diploma he obtains equips the individual to enter an occupation for which the acquisition of the degree or diploma is not a realistic prerequisite, that occupation may not be considered to be a profession.

Review of Volume II of the *Dictionary of Occupational Titles*, and the *Occupational Outlook Handbook*, publications by the Department of Labor, shows that the occupational code of industrial designer is 142.081. These publications show that the completion of a two to three year course of study in theory and practice of industrial design in an art school, a vocational school or an art department of a college or university is the usual requirement for entry into the field of industrial design. While it is true as indicated by counsel that colleges and universities may grant academic degrees in industrial design upon the completion of four or even five years of academic study such a degree is not an academic prerequisite for performance of the duties of an industrial

designer. Schools will issue a diploma to students completing a two or three year specialized course in industrial design which is acceptable preparation for entry in industrial design positions.

In the *Matter of Palanky*, 12 I. & N. Dec. 66, decided by the Regional Commissioner December 19, 1966, it is held that since the satisfactory completion of two or three years of study in a school or institute below the level of college or university is generally acceptable for entry into the field of commercial art, the occupation of commerical artists is not a profession within the meaning of section 101(a)(32) of the Act.

It is noted that Volume II of the *Dictionary of Occupational Titles*, and the supplement thereto gives the same terminal three digit code of .081 to the occupation of commercial artist and industrial designer both occupations requiring two to three years of academic preparation.

Counsel on appeal presented various pamphlets and other printed material relating to the occupation of, and careers in, industrial design which explain in detail the duties and functions of that occupation and its importance in modern industry. It is noted that one of the pamphlets entitled "Careers in Inudtsiral Design" prepared by the "Industrial Designers Society of America" states in part: "Although a degree isn't a fixed requirement for an Industrial Design job, most employers favor job hunters with degrees or certificates of graduation from recognized schools" and further indicates that it is anticipated that in the future degrees will be necessary.

Counsel's further references in oral argument on the issue of whether the term "Industrial Designer" came within the statutory definition of "profession" failed to furnish sufficient basis as further aid in construction of the term "profession" involved in these proceedings. The record makes it clear that a satisfactory completion of two or three years of specialized study is acceptable for entry into the field of industrial design and that the acquisition of a baccalaureate degree is not essential.

In the *Matter of Brantigan*, 11 I. & N. Dec. 493, it is held that the burden of proof to establish eligibility for a desired preference rests with the petitioner. The petitioner has failed to establish that the occupation of industrial designer is a profession. The beneficiary is not eligible for classification under section 203(a)(3) of the Act. The appeal will be dismissed.

The denial of the petition, however, is without prejudice for consideration for sixth preference classification should the petitioner obtain a definite offer of employment from a prospective

employer in the United States seeking his services and an appropriate certification be issued by the Department of Labor pursuant to section 212(a) (14) of the Act, as amended.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.