MATTER OF MICHAEL HERTZ ASSOCIATES

In Visa Petition Proceedings

EAC 870600263

*Decided by Commissioner February 19, 1988*

An industrial designer who has a baccalaureate degree in industrial design from an accredited college or university in the United States or a degree from a foreign college or university which is evaluated as equivalent to the United States degree is a member of the professions within the meaning of section 101(a)(32) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(32) (1982), and is eligible for classification as a person of distinguished merit and ability pursuant to section 101(a)(15)(H)(i) if the job offered requires such a professional. *Matter of Huckenbeck*, 13 I&N Dec. 118 (R.C. 1969), overruled.

ON BEHALF OF PETITIONER: Wildes & Weinberg
515 Madison Avenue
New York, New York 10022

The nonimmigrant visa petition was denied by the director, Eastern Regional Service Center, and was certified to the Commissioner for review. The decision of the director will be withdrawn and the petition will be approved.

The petitioner seeks to classify the alien beneficiary as a person of distinguished merit and ability who is coming to the United States to perform services of an exceptional nature requiring such merit and ability pursuant to section 101(a)(15)(H)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(i) (1982).

The petitioner is a major design studio specializing in special purpose maps and designs for mass transit facilities. The petitioner performs work for major cultural institutions, corporations, publications, and mass transit facilities. It seeks to employ the alien beneficiary in the United States for 2 years as an industrial designer.

The beneficiary received a Master of Industrial Design from the Pratt Institute in 1986 and a Bachelor of Industrial Design in Israel in 1982.

Following *Matter of Huckenbeck,* 13 I&N Dec. 118 (R.C. 1969), the director concluded an industrial designer is not a member of the professions within the meaning of section 101(a)(32) of the Act.

On appeal, counsel for the petitioner argues that *Matter of Huckenbeck, supra,* should be reconsidered in view of current industry standards and practices. The conclusion reached in that decision is now in conflict with other precedent decisions when read by current industry standards.

Distinguished merit and ability may be established in either of two ways. First, persons classifiable as professionals within the meaning of section 101(a)(32) are classifiable as aliens of distinguished merit and ability. *Matter of General Atomic Company,* 17 I&N Dec. 532 (Comm. 1980); *Matter of Essex Cryogenics Industries, Inc.,* 14 I&N Dec. 196 (D.A.C. 1972). Second, aliens of prominence, renown, or preeminence in their field of endeavor are classifiable as aliens of distinguished merit and ability. *Matter of Shaw,* 11 I&N Dec. 277 (D.D. 1965); H.R. Rep. No. 851, 91st Cong., 2d Sess., *reprinted in* 1970 U.S. Code Cong. & Ad. News 2750, 2752–53. Counsel does not argue nor does the record reflect the beneficiary is preeminent in her field. Accordingly, no further discussion of this issue is required.

Eligibility in this proceeding hinges on the definition of a profession, as that term is used in section 101(a)(32) of the Act. Section 101(a)(32) states that "[t]he term 'profession' shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries." The occupations included in the professions are not limited to these few groups, and, in fact, the overall number and specific occupations which fall within this definition are constantly changing due to technological advances and due to changes in labor practices. But this fact does not alter the basic standards characteristic of the professions which Congress chose to identify in the statute. The professions normally require, within the context of common practice in the United States, a minimum of a bachelor's degree in a specific field of study. *See Matter of Bienkowski,* 12 I&N Dec. 17 (D.D. 1966). Most of these occupations require even more advanced collegiate study and often a term of experience before an individual may fully practice the profession. These requirements extend to any request for recognition under section 101(a)(32) and thus eligibility under section 203(a)(3) of the Act, 8 U.S.C. § 1153(a)(3) (1982).

Consideration of a claim to such eligibility first focuses on the tasks, demands, duties, and actual requirements of the position in question. An analysis of such includes not only the actual requirements specified by the petitioner but also those required by the specific industry in question, to determine, in part, the validity of the petitioner's requirements. A petitioner must establish that the position realistically requires knowledge, both theoretical and applied, which is almost exclusively obtained through studies at an institution of higher learning. The depth of knowledge and length of studies required are best typified by a degree granted by such institution at the baccalaureate level. It must be demonstrated that the position requires a precise and specific course of study which relates directly and closely to the position in question. Since there must be a close corollary between the required specialized studies and the position, the requirement of a degree of generalized title, such as business administration or liberal arts, without further specification, does not establish eligibility. The mere requirement of a college degree for the sake of general education, or to obtain what an employer perceives to be a higher caliber employee, also does not establish eligibility.

The facts of a beneficiary's background only come at issue after it is found that the position in which the petitioner intends to employ him falls within the professions. After that determination is made, attention turns to the qualifications of the beneficiary to determine if he meets the standards and requirements of the position.

In support of a finding that industrial designers are professionals, the Department of Labor's, *Occupational Outlook Handbook* (1986-87) states: "Some design occupations such as industrial designers require 4 or more years of college." The record contains a letter from the Executive Director of the Industrial Designers Society of America, a national professional society for industrial designers, which attests the minimum entry level requirement for industrial designers is a bachelor's degree in industrial design. Additionally, several letters from highly respected industrial design firms reflect the industry routinely now recruits and employs only degreed individuals for industrial design positions. The record also contains additional articles and affidavits supporting the same.

From the record, it is apparent the requirements for industrial designers have changed since *Matter of Huckenbeck, supra,* was decided in 1969. The evidence submitted clearly indicates industrial designers now require knowledge of such scope and training, in theory and in fact, which is almost exclusively available through studies at a college or university.

Further, the petitioner has established the job offered requires a person of distinguished merit and ability and the beneficiary is such a person. Accordingly, the decision of the director will be withdrawn. *Matter of Huckenbeck, supra,* is overruled.

ORDER: The decision of the director is withdrawn and the petition is approved.