NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IRISH HELP AT HOME LLC and
BRIDGET MCDERMOTT,

              Plaintiffs-Appellants,

  v.

ROSEMARY MELVILLE, California
Service Center, U.S. Citizenship and
Immigration Services; et al.,

              Defendants-Appellees.

No.    15-15830

D.C. No. 3:13-cv-00943-MEJ

MEMORANDUM *

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted February 17, 2017
San Francisco, California

Before:  TASHIMA and HURWITZ, Circuit Judges, and ADELMAN,** District
Judge.

    Irish Help at Home LLC ("Irish Help") filed a petition pursuant to 8 U.S.C.

§ 1101(a)(15)(H)(i)(b) to classify Bridget McDermott as a nonimmigrant "specialty

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

occupation" worker. The United States Citizenship and Immigration Services ("USCIS") denied the petition, finding that Irish Help failed to establish that the Deputy Controller position that McDermott would fill was a specialty occupation. In this action filed by Irish Help seeking review under the Administrative Procedure Act ("APA"), the district court granted summary judgment to the government defendants. We have jurisdiction of Irish Help's appeal under 28 U.S.C. § 1291 and affirm.

1. The determination by the USCIS that the Irish Help Deputy Controller position was not a specialty occupation was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Family Inc. v. USCIS*, 469 F.3d 1313, 1315 (9th Cir. 2006) (quoting 5 U.S.C. § 706(2)(A)) (describing standard of judicial review of agency action under the APA). The Department of Labor's *Occupational Outlook Handbook* entry on Financial Managers did not compel the conclusion that the position met the statutory requirement, 8 U.S.C. § 1184(i)(1)(B), of requiring a degree in a "specific specialty."[1] *See In re Michael Hertz Assocs.*, 19

---

[1] The *Handbook* described the educational requirements for Financial Managers as follows:

> A bachelor's degree in finance, accounting, economics, or business administration is often the minimum education needed for financial managers. However, many employers now seek candidates with a master's degree, preferably in business administration, finance, or economics.

I. & N. Dec. 558, 559–60 (B.I.A. 1988) ("[T]he requirement of a degree of generalized title, such as business administration," does not render an occupation a "profession."). A prior unpublished and non-precedential USCIS decision interpreting a previous *Handbook* edition does not make the decision in this case arbitrary or capricious. *See Chan v. Reno*, 113 F.3d 1068, 1073 (9th Cir. 1997) ("[U]npublished precedent is a dubious basis for demonstrating the type of inconsistency which would warrant rejection of deference." (citation and internal quotation marks omitted)).

2. The USCIS "examine[d] the relevant data" submitted by Irish Help and "articulate[d] a satisfactory explanation for its action." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The USCIS satisfactorily explained why it concluded that the evidence proffered by Irish Help did not establish a degree requirement "common to the industry in parallel positions among similar organizations." 8 C.F.R. § 214.2(h)(4)(iii)(A)(2). The agency also sufficiently explained why it found Irish Help's claims regarding the complexity of the Deputy Controller position unsubstantiated. *See id.* § 214.2(h)(4)(iii)(A)(2), (4).[2]

**AFFIRMED.**

---

[2] Given these conclusions, we need not reach the USCIS's alternative holding that McDermott was not qualified for a specialty occupation.