MATTER OF PALANKY

In Visa Petition Proceedings

A-14735564

*Decided by Regional Commissioner December 19, 1966*

Since the satisfactory completion of 2 or 3 years of study in a school or institution below the level of college or university is generally acceptable for entry into the field of commercial art, the occupation of commercial artist is not a "profession" within the meaning of section 101(a)(32) of the Immigration and Nationality Act, as amended by P.L. 89-236, and petition to accord beneficiary, a commercial artist, preference classification as a member of the professions under section 203(a)(3) of the Act, as amended, is denied.

This matter is before the Regional Commissioner on appeal from the decision of the District Director denying the petition submitted by Mr. Palanky in his own behalf for preference immigrant status under section 203(a)(3) of the Immigration and Nationality Act, as amended.

Mr. Palanky is a native and citizen of Hungary, born October 25, 1903. He has lived in France since December 1, 1956. The petition gives his occupation as "fine and commercial artist" and his proposed occupation in the United States as that of a free lance artist. In Hungary he attended a public school from 1910 to 1915, a high school from 1915 to 1919, a commercial and fine art school where he studied graphics from 1920 to 1923, and a school of finance in 1928-1929. In an affidavit executed March 28, 1966, he says he was employed in Hungary as a commercial artist until 1954, and that he has been employed in France since he escaped from Hungary. He asserts it is impossible to obtain copies of his educational and employment records from Hungary.

There was submitted with the petition certificates showing Mr. Palanky's employment as a designer in France since February 25, 1957. His duties as a designer included the design of furniture and architectural designing and drawings. He has submitted samples of his drawings, sketches and paintings, to attest to his artistic ability. These samples are not accompanied by an evaluation. We note these

consist of sketches and drawings of several buildings, and three drawings apparently intended for newspaper or magazine advertising.

Section 203(a) of the Act, as amended, relates to the issuance of immigrant visas "to qualified immigrants who are members of professions, or who, because of their exceptional ability in the sciences or arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States." The term "profession" is defined in section 101(a)(32) of the Immigration and Nationality Act to include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries.

Mr. Palanky has been employed in recent years in an architectural office in the capacity, however, of a designer. No claim is made that he is an architect and the evidence of record does not indicate that he is qualified either by education or by education and experience, as an architect. In accordance with the procedure provided for by the regulations (8 CFR 204.2(f)), the statement of qualifications on Form ES 575A and the supporting documents were referred to the Bureau of Employment Security, Department of Labor. On June 13, 1966, that agency issued a certification in accordance with section 212(a)(14) of the Immigration and Nationality Act, as amended, to the effect that there are not sufficient workers in the United States who are willing, qualified, and available to perform the duties of the position and that the employment of Mr. Palanky in the United States will not adversely affect the wages and working conditions of workers in the United States in the same employment. The Labor certification was for an "artist". At the same time the United States Employment Service stated that it considered Mr. Palanky qualified as a member of the professions.

We concur in the finding of the United States Employment Service that Mr. Palanky's occupation is that of an artist. We find he intends to engage in commercial art in the United States. Commercial art positions, including commercial designer, industrial designer and painter, are grouped under the heading of "Art Work" on pages 232 and 233, Dictionary of Occupational Titles, 1965, Volume II, Occupational Classification, Third Edition, an official publication of the Department of Labor. Under the caption, it is stated:

Work activities in this group primarily involve the creative expression of ideas, feelings, and moods in artistic designs, objects, and arrangements.... Commercial arts are characteristically concerned with the creation and reproduction of commercial and industrial designs involving adherence to technical requirements or functional limitations specified by the client or employer.... Vocational high schools and art schools or institutes awarding diplomas upon completion of 2

67

to 3 years of theory and practice provide preparation generally acceptable for entry positions in commercial art. . . .

The opinion of the United States Employment Service as to the qualifications of Mr. Palanky, while worthy of considerable weight, is advisory in nature only. The determination as to whether Mr. Palanky is qualified rests with this Service.

In determining whether an occupation other than those enumerated in section 101(a)(32) of the Act is a "profession" it has been determined that the following standards may be applied: (1) recognition as a member of those professions normally requires the successful completion of a specified course of education on the college or university level, culminating in the attainment of a specific type of degree or diploma; and (2) the attainment of such degree or diploma is usually the minimum requirement for entry into those occupations.

Since the satisfactory completion of two or three years' study in a school or institution below the college or university level is accepted for entry into the field of commercial art, the occupation of commercial artist is not a "profession" within the meaning of the Immigration and Nationality Act, *Matter of Asuncion*, 11 I. & N. Dec. 660.

The remaining issue is whether Mr. Palanky qualifies for the required preference status as an alien of exceptional ability in the arts. The published regulations (8 CFR 204.2(f)) reads in part:

If the alien's eligibility is based on a claim of exceptional ability in the sciences or the arts, documentary evidence supporting the claim must be submitted by the petitioner. Such evidence may attest to the universal acclaim and either the national or international recognition accorded to the alien; that he has received a nationally or internationally recognized prize or award or won a nationally or internationally recognized competition for excellence for a specific product or performance or for outstanding achievement; or that he is a member of a national or international association of persons which maintains standards of membership recognizing outstanding achievement as judged by recognized national or international experts in a specific discipline or field of endeavor.

No evidence of the nature described in the above regulation was submitted with the petition. On appeal Mr. Palanky says he has no additional evidence to offer. We must conclude that he has failed to establish that he is a person of exceptional ability in the arts.

For the foregoing reasons, the appeal will be dismissed.

*It is ordered* that the appeal be and the same is hereby dismissed.