**Cynthia ASUNCION, Appellant,**

v.

**DISTRICT DIRECTOR OF the UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Appellee.**

**No. 24143.**

United States Court of Appeals, Ninth Circuit.

June 2, 1970.

Arthur D. Cohen (argued), Hiram W. Kwan, Los Angeles, Cal., for appellant.

David H. Anderson (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., John N. Mitchell, U. S. Atty. Gen., Washington, D. C., Steven M. Suffin, I.N.S., San Francisco, Cal., Joseph Sureck, Regional Counsel, San Pedro, Cal., for appellee.

Before HAMLEY, BROWNING and TRASK, Circuit Judges.

TRASK, Circuit Judge.

Cynthia Asuncion appeals from the District Court's granting of the Immigration and Naturalization Service's motion for a summary judgment on her petition for judicial review of the Service's denial of a preference visa. The District Court had jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq.

Miss Asuncion, a native and citizen of the Philippines, attended college for two to three years in the Philippines, receiving an associate in arts degree in homemaking in 1964 and a kindergarten-primary teacher's certificate in 1965. She taught in the Philippines for two years before entering the United States as a non-immigrant visitor in April, 1966. She received extensions of stay in that category to May 15, 1968. In 1967, she was employed as a teacher in religious education in the second grade at a parochial school in Pasadena, California.

On June 3, 1968, appellant filed a petition with the Service for a third preference classification visa, pursuant to Section 203(a) (3) of the Immigration and Naturalization Act, 8 U.S.C. § 1153(a) (3). She based her application on her profession of elementary school teacher and religious worker. The statute reads in pertinent part:

"Visas shall next be made available * * * to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States."

The term, "professions", is defined in 8 U.S.C. § 1101(a) (32) to include "teachers in elementary or secondary schools."

The District Director of the Immigration and Naturalization Service denied the petition. An appeal to the Regional Commissioner was also denied. Upon petition for review, the District Court entered summary judgment against appellant. We affirm.

■ As only a question of law is presented here, the District Court's resolution of the matter by means of granting appellee's motion for summary judgment was procedurally proper. Kalatjis v. Rosenberg, 305 F.2d 249, 253 (9th Cir. 1962); Yau v. District Director, 293 F.Supp. 717, 721 (C.D.Cal.1968).

■ The scope of judicial review in cases of denial of preference classification visas is exceedingly narrow. This

court is limited to a determination of whether the Attorney General has abused his discretion in denying the classification required for the preferential visa. Pizarro v. District Director, 415 F.2d 481, 483 (9th Cir. 1969) ; Dong Yup Lee v. United States Immigration & Naturalization Service, 407 F.2d 1110, 1113 (9th Cir. 1969).

Appellant alleges an abuse of discretion in that the Service's decision was based solely on her lack of a baccalaureate degree and failed to take into account her teaching experience both in the Philippines and in the United States. The Service and the courts have recognized that a teacher may qualify for a visa as a member of the professions without having received a baccalaureate degree of the academic equivalent. Extensive practical experience may be an adequate substitute for such a degree. See Guinto v. District Director, 303 F.Supp. 1094, 1096 (C.D.Cal.1969). In the instant case, the Regional Commissioner, recognizing this principle, considered both appellant's academic qualifications and her teaching experience in reaching his decision. He stated in his opinion:

> "In the Matter of Strippa, 11 I. & N. Dec. 674 it is held that professional recognition as a teacher normally requires the attainment of a baccalaureate degree. There is no showing in the record that the alien has obtained such a degree and it cannot be found that a combination of her academic studies and experience are equivalent to such a degree."

Although Miss Asuncion may well be highly competent as a teacher and a person of unimpeachable integrity and character, as her employer emphasized, we conclude that the determination of the Attorney General, or his designees, was supported by substantial evidence. Under those circumstances we cannot say that there was an abuse of discretion in denying to her a professional classification for a third preference visa.

We affirm the District Court's entry of summary judgment for appellee.