Cynthia ASUNCION, Petitioner,

v.

George K. ROSENBERG, District Director, United States Immigration and Naturalization Service, Respondent.

No. 26035.

United States Court of Appeals, Ninth Circuit.

June 26, 1970.

Arthur D. Cohen, of Kwan, Cohen & Quan, Los Angeles, Cal., for petitioner.

Robert L. Meyer, U. S. Atty., David H. Anderson, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before HAMLEY and TRASK, Circuit Judges.

PER CURIAM:

On June 22, 1970, petitioner moved in this court for an order restraining respondent and his agents and employees from deporting petitioner from the United States pending the final determination of petitioner's motion, filed with the Board of Immigration Appeals on June 19, 1970, to consider an application for voluntary departure and for stay of deportation pending decision.

On the day this motion was made, another judge of this court entered an order restraining respondent, his agents, employees and representatives, from deporting petitioner from the United States "* * * for a period of 7 days to and including June 29, 1970, or until further order of this Court." No response to the motion has been received from respondent.

In view of the wording of the ex parte order entered on June 22, 1970, that restraining order will not be in effect after June 29, 1970. But since petitioner's motion is for a restraining order extending beyond that date, it is the court's view that she is entitled to an explicit ruling, before June 29, 1970, as to whether a restraining order extending beyond that date will be granted.

Petitioner invokes Fed.R.App.P. 18, which is applicable where it is sought to stay a decision or order of an agency "pending direct review in the court of appeals."

On June 2, 1970, this court entered its opinion affirming a summary judgment for respondent in the underlying deportation proceeding. 427 F.2d 523. No petition for rehearing was filed and petitioner has not sought a stay of mandate pending the filing and consideration of a petition for certiorari. Nothing is now pending before this court concerning which the requested restraining order would be pertinent, within the meaning of the rule referred to above.

We therefore conclude that respondent should not be restrained beyond June 29, 1970, from deporting petitioner. It is so ordered.