MATTER OF DESAI

In Visa Petition Proceedings

A-22584932

*Decided by Regional Commissioner September 29, 1980*

(1) An occupation may be considered a "profession" within the meaning of section 101(a)(32) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(32), where attainment of a baccalaureate degree is usually the minimum requirement for entry into the occupation.

(2) The occupation of technical publications writer, which requires a baccalaureate degree for entry into the profession, constitutes a "profession" and a properly qualified beneficiary is eligible for third-preference immigrant visa classification.

ON BEHALF OF PETITIONER:  John E. Owens, Esquire
3 S. Prospect Avenue
Park Ridge, Illinois 60068

This matter is before me on appeal from the District Director's decision of December 5, 1979, denying the petition to classify the beneficiary as a technical publications writer under section 203(a)(3) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(3), as amended. The appeal will be sustained.

The petitioner is engaged in the business of production and marketing of technical and industrial literature for manufacturers of industrial goods and machinery. It seeks to employ the beneficiary as a writer of technical publications at an annual salary of $17,500 plus profit sharing. The petitioner has obtained a labor certification on behalf of the beneficiary as a technical publications writer which states that the minimum requirements for satisfactory performance of the job are a baccalaureate degree in Journalism or its equivalent plus technical courses and two years training in mechanical engineering. The beneficiary, a 31-year-old native and citizen of India, possesses the equivalent of a Bachelor of Science degree in Mechanical Engineering from an Indiana university, as well as a Master of Science degree in Journalism from Ohio University, and a Master of Arts degree in Political Science from the University of Cincinnati.

The District Director did not question the beneficiary's own profes-

569

sional qualifications or his ability to meet the specified minimum requirements of this job. However, he found that the occupation of technical publications writer does not constitute a profession as defined in section 101(a)(32) of the Act and therefore he denied the petition.

I have carefully reviewed the entire record and find that I cannot agree with the District Director's characterization of this job as a non-professional occupation. It is well-established that an occupation may be considered a "profession" within the meaning of section 101(a)(32) of the Act where attainment of a baccalaureate degree is usually the minimum requirement for entry into the occupation. *Matter of Asuncion,* 11 I&N Dec. 660 (R.C. 1966); *cf., Matter of Palanky,* 12 I&N Dec. 66 (R.C. 1966). The evidence demonstrates that the occupation of technical publications writer is a profession under this standard. A professional technical writing organization located in Washington, D.C., the Society for Technical Communication, indicated that "The most usual educational preparation for a career in technical writing is a bachelor's degree from an accredited college or university, with emphasis on both writing and science." This view is echoed by the statements of three editors of various professional technical magazines and journals, as well as by the director of the Technical Communications program at the University of Minnesota.

Based upon the foregoing, it is clear that a baccalaureate degree is now the accepted educational requirement for entry into the field of technical writing; consequently, because it meets the higher education level of other professions, technical writing likewise qualifies as a professional occupation.

The record reflects that the beneficiary's qualifications exceed the requirements for entry into the profession of technical writing as well as the education and training specified in the approved labor certification. Therefore, he is eligible for third-preference classification as a writer of technical publications and the petition will be approved.

**ORDER:** Appeal sustained and petition approved.