OMNI PACKAGING, INC., et al., Plaintiff,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICES, Defendant.

Civ. No. 88–1960 (JP).

United States District Court, D. Puerto Rico.

March 27, 1990.

Patrick D. O'Neill, Martínez, Odell, Calabria & Sierra, Hato Rey, P.R., for plaintiff.

Miguel A. Fernández, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it the parties motions for summary judgment. Omni Packaging Inc. and Daniel Avila de la Rosa have filed this action pursuant to 5 U.S.C. § 702. Jurisdiction is based on 8 U.S.C. § 1329, 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201, 2202. Plaintiffs request equitable relief and costs and attorneys' fees.

Having fully considered the motions, all materials filed in support of or opposition to them, and the Record of Proceedings ("ROP") before the Immigration and Naturalization Service ("INS"), the Court finds that the decision of the INS was an abuse of discretion. For the reasons stated below, we remand the case to the INS for further proceedings consistent with this Court's ruling.

## I. BACKGROUND

The Court finds it unnecessary to review all the facts in this case as they are not in dispute. In brief, plaintiff Omni Packaging, Inc. (Omni), filed a third preference immigration petition to classify plaintiff Daniel Avila De La Rosa as a member of the professions, pursuant to § 203(a)(3) of the Immigration and Nationality Act ("INA"). Avila came to the United States to work as a technical support director/sales engineer for Omni. The Eastern Regional Service Center of the INS denied Omni's petition. On April 30, 1987 the Administrative Appeals Unit ("AAU") of the INS denied the petition on appeal. In response to Omni's motion to reopen and reconsider, the AAU again denied the petition on August 24, 1988, for the following reasons: 1) as technical support director/sales engineer, plaintiff Avila was not performing duties considered to be managerial or executive in nature; 2) Mr. Avila's job, as described, was not a "profession" under the INA, and Omni did not prove that his duties could not be performed by an individual who does not possess a baccalaureate degree; and 3) Omni had failed to show Avila's foreign education and experience was the equivalent of an American university degree.

Prior to the denial of this petition, the INS had granted L–1 visa classification to Mr. Avila which was valid from March 27, 1985 through March 31, 1987. In March of 1987, upon petition by Omni, the INS extended the validity of Mr. Avila's L–1 visa classification for the term of one year from

March 5, 1987 up to and including March 31, 1988. Again, in March of 1988, the INS upon petition by Omni, extended the terms of Mr. Avila's L-1 visa for the term of two years from April 1, 1988 up to and including March 27, 1990. *See* ROP File Nos. SAJ-N-17340, EAC 87 119 0415, Notice of L-1 approval and accompanying documents.

On December 5, 1988, plaintiffs filed this action, seeking a declaration that the INS's denial of the petition is clearly erroneous, unlawful, and an abuse of discretion, and requesting the granting of third preference classification to Mr. Avila pursuant to 8 U.S.C. § 1153(a)(3).

## II. SCOPE OF REVIEW

The Court's scope of review in this case is limited. Under the Immigration and Nationality Act, 8 U.S.C. § 1153, the INS has broad discretion to grant or deny visa preference classifications. A federal court can reverse the INS denial of a preference classification if the INS abused its discretion. *North American Industries, Inc. v. Feldman*, 722 F.2d 893, 898 (1st Cir.1983). The court may find an abuse of discretion if the INS based its decision on an improper understanding of the law or decided the case in a manner inconsistent with its own precedents, *Occidental Engineering Co. v. I.N.S.*, 753 F.2d 766, 768 (9th Cir.1985), or if the agency "fails to articulate a rational connection between the facts found and the choice made." *Bowman Transportation, Inc. v. Arkansas–Best Freight System*, 419 U.S. 281, 285, 95 S.Ct. 438, 441, 42 L.Ed.2d 447, 456 (1974), *reh'g denied*, 420 U.S. 956, 95 S.Ct. 1340, 43 L.Ed.2d 433 (1975). The agency itself must articulate a rational basis for its decision, and post hoc explanations by counsel are insufficient. *See Motor Vehicle Manufacturers' Association v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29, 50, 103 S.Ct. 2856, 2870, 77 L.Ed.2d 443, 462 (1983).

Also, a court may set aside a decision of an agency, such as the INS, if it finds that the decision is unsupported by reasonable, substantial evidence on the record considered as a whole. *Bowman Transportation*, 419 U.S. at 284, 95 S.Ct. at 441, 42 L.Ed.2d at 455 (citation omitted). Even if the agency finding is supported by substantial evidence, a court may still consider the action to be "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.* (quoting the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)).

Great deference is accorded to an agency's interpretation of a statute when the agency is charged with the administration of the statute. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616, *reh'g denied*, 380 U.S. 989, 85 S.Ct. 1325, 14 L.Ed.2d 283 (1965). However, agency discretion cannot be exercised if it conflicts with the purpose of the relevant statute. *Yiu Tsang Cheung v. District Director, I.N.S.*, 641 F.2d 666, 669 (9th Cir.1980).

## III. THIRD PREFERENCE ELIGIBILITY

Under 8 U.S.C. § 1153(a)(3), an alien who desires to enter the United States for a job-related reason may be granted a third preference visa if that person is an immigrant who is a member of the professions or who, because of his exceptional ability in the sciences or the arts, will substantially benefit the national economy, cultural interests, or welfare of the United States. A United States employer must be seeking the alien's services. An immigrant's eligibility for a third preference visa involves two main issues: (1) whether the occupation of the alien is a "profession" and, if it is, (2) whether the alien possesses the educational and other criteria to be considered a member of that profession. 3 *Immigration Law Service* § 37:3 (1985).

Although the INA contains a list of professions, *see* 8 U.S.C. § 1101(a)(32),[1] the list is not exhaustive, and other occupa-

---

**1.** 8 U.S.C. § 1101(a)(32) provides that: "The term 'profession' shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries."

tions may qualify as "profession" for purposes of satisfying third preference eligibility. *Id.* at § 37:5; *Matter of Sun,* 12 I & N Dec. 535 (D.D.1966); *Matter of Desau,* 17 I & N Dec. 569 (1980). The prerequisite for an applicant's occupation to be considered a "profession" is usually the acquisition of a baccalaureate degree for academic study in a specific discipline or narrow range of disciplines. *See, e.g., Matter of Portugues Do Atlantico Information Bureau, Inc.,* Interim Decision 2982 (Comm.1984); *Matter of Palanky* 12 I & N Dec. 66 (R.C. 1966). However, not every person who has a degree from an accredited college or university is qualified as a professional. *Pizarro v. District Director, I.N.S.,* 415 F.2d 481 (9th Cir.1969), *superseded on other grounds by statute as stated in Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). The knowledge acquired through the degree must be of a "nature that is a realistic prerequisite to entry into the particular field of endeavor." *Song Jook Suh v. Rosenberg,* 437 F.2d 1098 (9th Cir.1971); *Matter of Shin,* 11 I & N Dec. 686, 688 (1966).

In some instances, an applicant may be granted third preference status as a member of a profession even though he has no college degree. In these cases, the applicant has been qualified as a professional because he has acquired specialized knowledge, training, or experience which was equivalent to a professional degree. *Asuncion v. District Director, I.N.S.,* 427 F.2d 523, *motion denied,* 429 F.2d 1324 (9th Cir.1970). However, the INS does not generally view experience as a substitute for education and has done so only in exceptional circumstances where individuals, because of their extraordinary personal skills, occupy professional positions after completing almost all of their course work for a degree, or gain professional standing through direct experience and specialized non-institutional instruction. 3 *Immigration Law Services* at § 37:6 (citations omitted). *See also Hong Kong T.V. Video Program, Inc. v. Ilchert,* 685 F.Supp. 712 (N.D.Cal.1988).

In petition proceedings, the plaintiff company seeking the preference for its employee and the beneficiary/employee bear the burden of establishing the beneficiary's eligibility for the preference benefit. 8 U.S.C. § 1154 (Supp.1989); *Matter of Brantigan,* 11 I. & N. Dec. 493, 495 (B.I.A. 1966).

In order to be classified under a third preference visa, a petitioner must first obtain a labor certification. 8 U.S.C. § 1153(a)(7) (1989); 8 U.S.C. § 1182(a)(14). The labor certification requirement is an exclusionary provision so that an alien is excludable from the United States and can be deported unless the alien complies with the labor certification requirement. Under 8 U.S.C. § 1182(a)(14), an alien seeking to perform skilled or unskilled work in the U.S. is excludable unless the Secretary of Labor determines and certifies that 1) there are not sufficient workers who are able, willing, qualified and available at the time of application for the visa at the alien's place of employment and 2) the employment of the alien will not adversely affect the wages and working conditions of similarly employed workers in the U.S.

The Secretary of Labor classifies certifiable occupations into Schedule A and Schedule B categories. *See* 20 C.F.R. §§ 656.10, 656.11. The United States Employment Service has determined that in these Schedule A occupations, there are not sufficient U.S. workers who are able, willing, qualified, and available and that the wages and working conditions of similarly situated workers will not be adversely affected by the employment of aliens in Schedule A occupations. Under Group IV of Schedule A occupations, aliens will be certified if they have been admitted to the U.S. in order to work in, and are currently working in, managerial or executive positions with the same international corporations with which they were continuously employed as managers or executives outside the United States for one year before they were admitted. 20 C.F.R. § 656.10.

## IV. THE ADMINISTRATIVE APPEALS UNIT DECISION REGARDING MR. AVILA

In its decision denying Mr. Avila third preference classification, the AAU concluded that Mr. Avila was not perform-

ing duties which are managerial or executive in nature because his duties are "primarily those of a salesperson or a service representative." Second Decision of the AAU at 2 (Aug. 24, 1988). Without specifically stating so, the AAU was in fact determining Mr. Avila's entitlement to a Schedule A, Group IV certification in addition to deciding whether he was a "professional" entitled to third preference classification. In response to petitioner's/plaintiffs' argument that the INS had previously granted and extended Mr. Avila's L–1 visa based on the same managerial/executive criteria,[2] the AAU stated: "This Service, however, is not enjoined to approve applications or petitions where eligibility has not been demonstrated merely because of prior approvals which *may have been erroneous.*" *Id.* (emphasis added). However, the AAU fails to state why the previously approved L–1 petition and extensions were erroneous.

We find this determination to be an abuse of discretion, for the agency has failed to "articulate a rational connection between the facts found and the choice made[,]" *Bowman Transportation,* 419 U.S. at 285, 95 S.Ct. at 441, and has decided the case in a manner inconsistent with its own precedents dealing with Mr. Avila. The INS awarded Mr. Avila an L–1 visa because he had been employed as an "executive" or "manager" with Omni in Mexico City for a full year prior to his transfer to San Juan, and because the Omni subsidiary in Puerto Rico intended to employ him in an "executive" or "managerial" capacity. *See* defendant's answer at ¶ 2. Because the L–1 visa was granted and extended on precisely the same standard that the INS now chooses to deny the Class A, Schedule IV certification and consequently, the third preference classification, the INS must specifically elucidate why the previous granting and extensions of Mr. Avila's L–1 visa were erroneous. The failure to do so results in a decision which is inconsistent with its previous treatment of the L–1 visa and is an abuse of discretion.

Even the INS itself has recognized the inherent inconsistency in agency action such as this. As plaintiffs point out, the INS Assistant Commissioner for Adjudications has stated that:

> The courts do not look favorably on the Service's change in position ... [granting L classification and extensions and later denying Schedule A, Group IV labor certifications when the beneficiary files a third preference petition] unless the facts of the case have changed to warrant such a reversal ... a denial of Schedule A Group IV should reflect some change in the circumstances of the employment which would cause the alien's job to no longer be in a managerial or executive capacity. If the facts are the same ... the notice of denial should explain how the original classification was in error."

Plaintiff's April 7, 1989 Cross Motion for Summary Judgment, Exhibit D, *Interpreter Releases,* January 30, 1989 at 125.

Because we find that the INS did not adequately articulate the reasoning behind its decision related to the Class A, Group IV certification, we remand the case to the INS to fully reconsider its decision and explain the change in circumstances warranting the denial of the Class A, Group IV certification and third preference petition after the granting and extensions of the L–1 visa.

Wherefore, in view of the foregoing, the defendant's motion for summary judgment is DENIED, and the case REMANDED for further proceedings consistent with this opinion. It is further ORDERED that the INS shall take appropriate action permitting Mr. Avila to remain in the United States pending resolution of this case.

IT IS SO ORDERED.

**2.** An alien who has been employed continuously for one year by a firm or corporation and who seeks to enter the U.S. temporarily in order to continue to render his services to the same employer in a capacity which is managerial, executive, or involves specialized knowledge will be eligible for an intracompany nonimmigrant classification "L–1" visa. 8 U.S.C. § 1101(a)(15)(L). The INS had granted and consistently renewed Mr. Avila's L–1 visa from March 1985 to March of 1990. *See "BACKGROUND"* discussion, *supra.*