**OMNI PACKAGING, INC. and Daniel Avila De La Rosa, Plaintiffs,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Defendant.**

**Civil No. 88–1960 (JP).**

United States District Court, D. Puerto Rico.

Sept. 18, 1996.

Patrick D. O'Neill, Martínez, Odell & Calabria, Hato Rey, P.R., for plaintiff.

Fidel Sevillano del Río, Assistant United States Attorney, Vivian Reyes López, Immigration and Naturalization Service District Counsel, Hato Rey, P.R., for defendant.

### *OPINION AND ORDER ON ATTORNEY'S FEES*

PIERAS, District Judge.

The Court has before it plaintiffs' motion for attorney's fees **(docket No. 18)**, pursuant to the Equal Access to Justice Act ("EAJA"), *see* 28 U.S.C. § 2412(d)(1)(A), defendants' opposition thereto **(docket No. 21)**, and plaintiffs' reply to the opposition **(docket No. 22)**. Having fully considered these motions, the Court finds that plaintiffs are not entitled to attorney's fees for the reasons stated below. Accordingly, plaintiffs' motion is hereby **DENIED**.

## I. INTRODUCTION

For a history of this case, and a recounting of the relevant facts, the reader is referred to this Court's previous Opinions and Orders. *See Omni Packaging, Inc. v. INS*, 733 F.Supp. 500 (D.P.R.1990); and *Omni Packaging, Inc. v. INS*, 930 F.Supp. 28 (D.P.R.1996). The Immigration and Naturalization Service ("INS") initially granted Mr. Avila de la Rosa ("Avila") an intra-com-

44

pany visa, known as an L–1 visa, based on a finding that he was a manager or executive at Omni Packaging, Inc. ("Omni"). Subsequently, plaintiffs Omni and Avila filed a third preference petition to classify Avila as a member of the "professions," pursuant to § 203(a)(3) of the Immigration and Nationality Act ("Act"), so that he might reside permanently in the United States. A necessary step in obtaining a third preference classification is to secure a labor certification. Securing such certification can be time-consuming since it involves attempting to recruit United States workers to fill the position and documenting those recruitment efforts. However, certain persons qualified for blanket labor certifications. Such persons included aliens that had been admitted to the United States to work in, and who were currently working in, managerial or executive positions with the same international corporations with which they had been continuously employed as managers or executives outside the United States for one year before they were admitted. Plaintiffs believed Avila was entitled to such a blanket certification since he had been granted an L–1 visa based on a finding that he was working for Omni in a managerial or executive capacity.

The Eastern Regional Service Center of the INS denied the third preference petition. On April 30, 1987, the Administrative Appeals Unit of the INS denied the petition on appeal. In response to Omni's motion to reopen and reconsider, the Administrative Appeals Unit again denied the petition on August 24, 1988, for these reasons: 1) Avila's duties as a technical support director/sales engineer were not managerial or executive in nature and therefore he was not entitled to a blanket labor certification; 2) Avila's job was not within the "professions" under § 203(a)(3) of the Act, and 3) Omni failed to establish that Avila had the academic credentials necessary to qualify as a member of the "professions."

On December 5, 1988, plaintiffs filed an action in this Court seeking a declaration that the INS's denial of the third preference petition was erroneous, unlawful, and an abuse of discretion, and praying that the

Court grant the third preference petition. The Court entered an Opinion and Order, and a corresponding Judgment, on March 27, 1990, remanding the case to the INS for further proceedings in order to obtain a full explanation of the INS's reasons for denying the third preference petition. *See Omni Packaging, Inc.,* 733 F.Supp. 500. In particular, the Court ordered the INS to explain why it had found that Avila was working for Omni in a managerial or executive capacity for purposes of the L–1 visa, and yet had determined that he was not an executive or manager for purposes of a blanket labor certification in connection with the third preference petition. The March, 1990 Opinion and Order stated: "It is further ORDERED that the INS shall take appropriate action permitting Avila to remain in the United States pending resolution of the case." On April 20, 1990, plaintiffs filed their motion for attorney's fees.

On remand, the INS issued an amended decision dated December 18, 1990, affirming its denial of the third preference petition. This amended decision explained the inconsistency in its grant of the L–1 visa followed by denial of the blanket labor certification for purposes of the third preference petition. The INS explained that the L–1 visa and extensions thereto were granted erroneously. The Puerto Rico district office of the INS originally granted the L–1 visa erroneously, given that none of the supporting documentation accompanying the L–1 petition warranted a finding that Avila was a manager or executive. The Eastern Service Center in St. Albans, Vermont, erroneously granted extensions to the L–1 visa and failed to detect the Puerto Rico district office's error because the petitions for extension were not accompanied by the supporting documentation that accompanied the original L–1 visa petition. The INS also reiterated in its December 18, 1990, amended decision that its original denial of the third preference petition was also based on a determination that Avila was not a professional within the meaning of Section 203(a)(3) of the Act as he did not have a minimum of a baccalaureate degree in a specific field of study. Therefore, even assuming Avila was entitled to a blanket labor certificate, it did not follow that he was enti-

tled to the third preference classification. Plaintiffs again resorted to this Court, seeking an order granting the third preference petition. In an Opinion and Order filed June 20, 1996, this Court upheld the INS's denial of the third preference petition and Judgment was entered accordingly. *See Omni Packaging, Inc.*, 930 F.Supp. 28.

## II. STANDARD FOR AWARD OF ATTORNEY'S FEES UNDER THE EAJA

██ The EAJA does not provide for the automatic shifting of fees. *Sierra Club v. Secretary of Army*, 820 F.2d 513, 517 (1st Cir.1987). 28 U.S.C. § 2412(d)(1) states, in pertinent part:

(A) Except as otherwise specifically provided by statute, a court shall award to a **prevailing party** other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, **unless the court finds that the position of the United States was substantially justified** or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, **within thirty days of final judgment in the action,** submit to the court an application for fees ... (Emphasis added)

The Court must first inquire whether the party requesting attorney's fees is a prevailing party. In an age discrimination case brought by a professor who was denied a tenure-track position, this Court held that under the EAJA "a plaintiff may be considered 'prevailing' for purposes of attorney's fees if he succeeds on 'any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Watlington v. Univ. of P.R.*, 751 F.Supp. 318, 333 (D.P.R.1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)).

██ Second, the EAJA requires a district court to inquire whether the government has proved by a preponderance of the evidence that its position was "substantially justified." *Id.* The government must show that it had a reasonable basis for the facts alleged, that it had a reasonable basis in law for the theories it advanced, and that the former supported the latter. *United States v. Yoffe*, 775 F.2d 447, 450 (1st Cir.1985). This inquiry is independent of the outcome on the merits. *Sierra Club*, 820 F.2d at 517 (citing *Fed. Election Comm'n v. Rose*, 806 F.2d 1081, 1089–90 (D.C.Cir.1986)). "'Position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based...." *EAJA Amendments*, 99 Stat. 183 § 2(c)2(B), 99 Stat. 185 (codified at 28 U.S.C. § 2412(d)(2)(D) (Supp. III 1985)). The "substantial justification" standard is one of reasonableness. *Sierra Club*, 820 F.2d at 517.

██ Finally, 28 U.S.C. § 2412(d)(1)(B) requires that the request for attorney's fees be filed within thirty days of a final judgment. A judgment is considered final for purposes of the EAJA when the time for appeal has expired.

## III. DISCUSSION

### A. Plaintiffs Are Not Prevailing Parties

██ A typical formulation of "prevailing parties" under the EAJA is success on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. By remanding the case, the Court did not pretend to obligate the INS to approve plaintiffs' third preference petition. The Court's simply ordered the INS to "reconsider its decision and explain the change in circumstances warranting the denial of the Class A, Group IV certification and third preference petition after the granting and extensions of the L–1 visa." *Omni Packaging, Inc.*, 733 F.Supp. at 504. After remand, the INS had two options: either to elucidate why the previous granting and extensions of Avila's L–1 visa were, if at all, erroneous, or to reevaluate its determination that Avila was not entitled to a blanket labor certificate.

The INS chose the former and its amended decision of December 18, 1990, was upheld by this Court. Neither at the time of this Court's remand nor upon conclusion of this litigation did plaintiffs succeed in obtaining approval of Avila's third preference petition. Furthermore, plaintiffs' claim that obtaining a stay against deportation makes them prevailing parties is misplaced—Avila was never the subject of deportation proceedings.

### B. The Government's Position Was Substantially Justified

▮ Even if plaintiffs were to be considered "prevailing parties," the Court finds that the position of the INS in not granting the third preference petition and in defending this litigation was substantially justified. Although the Court indicated in its remand Order that the INS had abused its discretion, this conclusion does not automatically compel an award of attorney's fees. *See Sierra Club*, 820 F.2d at 517. The inquiry with respect to attorney's fees is distinct from the Court's decision with respect to the merits. *Id.* Moreover, "a finding in the merits phase that the Government's underlying action was 'arbitrary and capricious' within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), does not compel an award of fees." *Rose*, 806 F.2d at 1087. This is true because while some "defect in crafting or execution" may taint a governmental action, it does not necessarily follow that the agency's policy choices are unreasonable. *Id.* For example, an agency action may be arbitrary and capricious because it is accompanied by an inadequate explanation, even though the decision itself is justified under the statute. *Id.* at 1088.

In *Broussard v. Bowen*, 828 F.2d 310 (5th Cir.1987), the court denied attorney's fees under the EAJA even though it determined that the agency's decision to terminate the plaintiff's Social Security benefits was not supported by substantial evidence. After remand, the Secretary decided that plaintiff's disability had not ceased and that he was therefore entitled to continue receiving Social Security benefits. Citing with approval *Federal Election Commission v. Rose*, 806 F.2d 1081, the Fifth Circuit concluded that the government's position that plaintiff was no longer entitled to benefits—because his condition had improved—was reasonable, and hence substantially justified. The Fifth Circuit so concluded even though the court had not found substantial evidence to support the Secretary's determination on the merits.

Likewise, this Court's determination that the INS's initial decision in the case at bar was an "abuse of discretion" does not mean that the government's position was not substantially justified for purposes of attorney's fees under the EAJA. The Court's Opinion and Order of March 1990 made clear that the abuse of discretion was not the INS's decision to deny the third preference classification, but rather its failure to explain the change in its position with respect to whether Avila's duties were managerial or executive:

> Because the L–1 visa was granted and extended on precisely the same standard that the INS now chooses to deny the Class A, Schedule IV certification and consequently, the third preference classification, the INS must specifically elucidate why the previous granting and extensions of Mr. Avila's L–1 visa were erroneous. **The failure to do so results in a decision which is inconsistent with its previous treatment of the L–1 visa and is an abuse of discretion.**

*Omni Packaging, Inc.*, 733 F.Supp. at 504 (emphasis added).

The INS's decision, although poorly executed, was a valid and reasonable one. The Administrative Appeals Unit gave three reasons for denial of the third preference petition: 1) Avila's duties as a technical support director/sales engineer were not managerial or executive in nature and therefore he was not entitled to a blanket labor certification; 2) Avila's job was not within the "professions" under § 203(a)(3) of the Act, and 3) Omni failed to establish that Avila had the academic credentials necessary to qualify as a member of the "professions." Although the INS abused its discretion in failing to reconcile its determination that Avila was not a manager or executive for purposes of the blanket labor certification with its determination that he was a manager or executive for purposes of the L–1 visa, its underlying deci-

sion not to grant the third preference petition was reasonable since Avila was not a member of the "professions" within the meaning of 8 U.S.C. § 1101(a)(32). Moreover, it was reasonable for the INS to correct what it believed was an error, even if its explanation of the error was insufficient as an initial matter.

This case is one in which some "defect in crafting or execution" has tainted the governmental action, but where the agency's underlying decision is reasonable under the pertinent statute. The government's failure to provide an adequate explanation regarding Avila's managerial or executive capacity was not an incurable defect permanently impairing the INS's original decision to deny the third preference classification petition.

### C. March 1990 Judgment Was Not a Final Judgment for Purposes of EAJA

■ As a final ground for denying plaintiffs' motion for attorney's fees, the Court notes that the motion was premature because it was not filed within thirty days of a final judgment, as required by 28 U.S.C. § 2412(d)(1)(B). The Court's decision to remand the case to the administrative level indicates that no final decision had been rendered. As noted above, the March 1990 Opinion and Order specifically ordered the INS to allow Avila to remain in the United States **"pending resolution of this case"** (emphasis added). The Court's March 27, 1990, Judgment was not a final judgment— the Court retained jurisdiction over the case in order to address any remaining disputes after remand. "[A] judgment is not final if it 'adjudicates fewer than all the claims' asserted by a party." *Harris v. Rivera Cruz,* 20 F.3d 507, 511 (1st Cir.1994) (citing Fed. R.Civ.P. 54(b)). Moreover, plaintiffs' conduct in continuing to file motions for judgment and for adjudication (see docket Nos. 25, 31 and 34) indicates that they did not consider the Court's Judgment of March 1990 to be final.

### IV. CONCLUSION

The Court finds that plaintiffs were not "prevailing parties," the position of the INS

in this matter was substantially justified, and plaintiffs' motion for attorney's fees was not filed within thirty days of a final judgment. Therefore plaintiffs are not entitled to attorney's fees.

IT IS SO ORDERED.