**LOUISIANA PHILHARMONIC ORCHESTRA**

v.

**IMMIGRATION AND NATURALIZATION SERVICE.**

No. CIV. A. 98–2855.

United States District Court, E.D. Louisiana.

April 5, 1999.

Peter L. Koerber, Lemle & Kelleher, LLP, New Orleans, LA, for Plaintiff.

Kathryn Weekley Becnel, U.S. Atty's Office, New Orleans, LA, for Defendant.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court are two motions: 1) motion of plaintiff Louisiana Philharmonic Orchestra ("the Orchestra") for summary judgment; and 2) cross-motion of defendant Immigration and Naturalization Service ("INS") for summary judgment, seeking dismissal of plaintiff's appeal. For the following reasons, the Orchestra's motion is hereby GRANTED, the INS motion is DENIED, and the case is REMANDED to the Administrative Appeals Unit of the INS for further proceedings consistent with this opinion.

## I. BACKGROUND

On November 27, 1995, the Orchestra filed a form I-129, Petition for Nonimmigrant Worker, on behalf of Lingyiang Zhao, seeking to classify her as an H-1B alien to perform services in a "specialty occupation." The Orchestra hoped to employ Zhao to play the violin.

An H-1B alien is one who comes temporarily to the United States to perform services in a specialty occupation. See 8 U.S.C. § 1101(a)(15)(H). A specialty occupation is one that requires a bachelor's degree or higher, or some equivalent thereof. Since a bachelor's degree was not an absolute prerequisite to employment within the "orchestra industry," INS requested that the Orchestra submit additional evidence to demonstrate that the violinist position met one of four regulatory criteria for qualifying as a specialty occupation. These criteria are:

1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

2) The degree requirement is common to the industry in parallel positions among similar organizations, or in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

3) The employer normally requires a degree or its equivalent for the position; OR

4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A).

The fourth criteria is the center of this dispute. The Orchestra submitted evidence, including statements from orchestra directors around the country, that typically a very high percentage (often 90–95%) of their members possessed bachelor degrees or higher, although this was not an absolute prerequisite to employment. See Pl.'s Mot. Summ. J., at 4–8. On May 6, 1996 INS's Nebraska Service Center denied the petition. INS concluded that, since the position was often filled through blind auditions, it did not meet the fourth criteria and was not a specialty occupation. INS determined that the Orchestra's evidence failed to establish that the duties involved with playing as a violinist were not so specialized that the knowledge required to perform them is usually associated with a bachelor's degree or higher.

The Orchestra appealed to the Administrative Appeals Unit ("AAU") of the INS on May 21, 1996. The AAU upheld the decision on August 28, 1998. The Orchestra then filed this suit on September 30, 1998, seeking judicial review of the agency determination under the applicable provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

The Orchestra filed its motion for summary judgment on February 3, 1999, asking the Court to reverse the AAU and require the INS to grant the petition. The Orchestra maintains that the decision is arbitrary and capricious and constitutes an abuse of discretion under the appropri-

ate standard of review. It argues that INS has misapplied the test contained in the regulation by essentially requiring that all persons in the prospective specialty occupation have a bachelor's degree or higher. The proper inquiry, according to the Orchestra, is whether the skill required of the position is *usually*, rather than *always*, associated with a bachelor's degree or higher. *See* Pl.'s Mot. Summ. J., at 13.

The Orchestra further insists that INS abused its discretion in denying the petition because it had granted three previous H–1B petitions to individuals the Orchestra was attempting to hire. It has attached copies of three approval notices to its motion. Each notice grants an H–1B visa to nonimmigrants seeking to work for the Orchestra. *See* Pl.'s Mot. Summ. J. While the Orchestra concedes that INS is not bound by its own prior rulings, it asserts that the agency's failure to explain the inconsistent decision in this case was arbitrary and capricious, warranting reversal. *See* Pl.'s Mot. Summ. J., at 26–27.

The INS responded on February 23, 1999 with its own cross-motion for summary judgment. The agency argues that, under the appropriate standard of review, the Court must accord deference to its decision if it was based on substantial evidence, and may only reverse the AAU's ruling for abuse of discretion. *See* Def.'s Cross–Mot. Summ. J., at 6–7. In this case, INS insists that its ruling does not constitute an abuse of discretion because the Orchestra's evidence failed to prove that a degree or equivalent knowledge is a requirement within the "orchestra industry." The agency maintains that it need not abide by previous inconsistent decisions, and further suggests that Zhao may be entitled to a different type of visa, but not to an H–1B one. *See* Def.'s Cross–Mot. Summ. J., at 7–9. Nowhere does INS offer an explanation for departing in this case from its prior approval of the other three petitions.

## II. ANALYSIS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). In this analysis, the Court must view the facts and inferences from the evidence in the light most favorable to the nonmoving party. *See Crescent Towing & Salvage Co. v. M/V ANAX*, 40 F.3d 741, 743 (5th Cir.1994). Once the moving party demonstrates that there is no issue of material fact, the burden shifts to the nonmoving party to prove that there is an issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The briefs reflect that there are no disputes of fact and that the issues for determination are purely questions of law. Summary judgment is therefore appropriate.

■ As an initial matter, INS enjoys broad discretion in deciding whether to grant or deny visa preference classifications. *See Omni Packaging, Inc. v. United States Immigration and Naturalization Servs.*, 733 F.Supp. 500, 502 (D.P.R. 1990). Such a determination is subject to judicial review in this Court. *See* 5 U.S.C. § 702. The Court shall reverse agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see National Hand Tool Corp. v. K.L. Pasquarell*, 889 F.2d 1472, 1475 (5th Cir.1989). The standard is a highly deferential one which presumes an agency's action is valid. *See Environmental Defense Fund, Inc. v. Costle*, 657 F.2d 275, 283 (D.C.Cir.1981). This narrow scope of review forbids a court from substituting its judgment for that of the agency, and mandates judicial affirmance if a rational basis exists for the agency deci-

sion, even if the court might otherwise disagree with it. *See id.*

 If the denial of a petition is inconsistent with earlier decisions by the agency, this does not automatically constitute an abuse of discretion. *See Sussex Eng'g, Ltd. v. Montgomery,* 825 F.2d 1084, 1090 (6th Cir.1987). An agency can abuse its discretion by failing to follow its own regulations, but the agency's *interpretation* of its regulations will be accorded substantial deference unless it is " 'plainly erroneous or inconsistent with the regulation.' " *Shanti, Inc. v. Reno,* No. Civ. 97–2777 MJD/AJB, 1999 WL 73982, at *12 (D.Minn. Feb.16, 1999); *see National Hand Tool Corp.,* 889 F.2d at 1475. While the Orchestra agrees that INS is not necessarily bound by prior decisions, it cites the *Omni Packaging* case for the proposition that an agency's failure to explain inconsistent rulings warrants reversal. *See* 733 F.Supp. at 504. In that case, the INS denied the plaintiff's visa petition to be classified as a member of the professions, despite the fact that it had previously granted the same individual a different type of visa, eligibility for which rested on the same criteria as those essential to determining the newer application. *See id.* While implicitly recognizing that INS need not abide by previous approvals that might have been erroneous, the district court found that the agency's failure to explain *why* those earlier decisions were incorrect amounted to an abuse of discretion. *See id.; see also Omni Packaging, Inc. v. United States Immigration and Naturalization Serv.,* 940 F.Supp. 42, 46 (D.P.R. 1996).

 Although the Fifth Circuit found in *National Hand Tool* that the failure of the INS to explain why a prior inconsistent decision was not erroneous did not rise to an abuse of discretion, there is a critical distinction between that case and the present one. *See* 889 F.2d at 1476. In that case, the agency was applying a definition of the criteria at issue that had been revised since the time it had granted the earlier visas. *See id.* at 1474. That does not appear to be the situation here, since there has been no suggestion that the definition of a specialty occupation has changed at all between the time INS granted the Orchestra's earlier three visa requests and the time it denied the one currently in dispute. *National Hand Tool* is therefore inapposite.

In applying the standard of review to the Orchestra's case, the Court finds that INS abused its discretion. The Court disagrees with the Orchestra that INS misapplied its definition of a specialty occupation in such a way that a position qualifies only if it requires knowledge that is always or nearly always associated with a bachelor's degree or higher rather than knowledge that is usually associated with such a degree. This type of determination falls within the scope of discretion committed to the agency, and the Court cannot say that such a holding would be arbitrary and capricious. The agency's mistake, however, was in failing to offer any explanation whatsoever for the apparent inconsistency in its decisions regarding the Orchestra's applications for H–1B visas.

Neither the record nor the briefs reveal precisely what positions the three individuals to whom INS previously awarded H–1B visas were seeking to fill; the Court can only assume from each of the three notices' listing of the Orchestra as petitioner that these individuals were also musicians. To then deny a visa for what is apparently a nearly identical position would fall within the discretion committed to the agency, but not without some sort of explanation articulating why the three previous approvals were erroneous. This is a situation quite similar to that in the *Omni Packaging* cases. The INS may be able to elucidate a rational basis for its denial of Zhao's petition and establish that the earlier approval notices were a mistake. INS must state these reasons, however, before it is entitled to the deferential standard of review it normally receives. The AAU abused its discretion by denying the peti-

tion without explaining its inconsistent decisions.

The Court will grant the Orchestra's motion and reverse the AAU's ruling. This matter will be remanded to the AAU with instructions to either: 1) grant the Orchestra's petition for Zhao; or 2) articulate a rational basis for its inconsistent treatment of the petition. The INS cross-motion will be denied.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion of plaintiff Louisiana Philharmonic Orchestra for summary judgment is hereby GRANTED, the cross-motion of defendant Immigration and Naturalization Service for summary judgment is DENIED, and the case is REMANDED to the Administrative Appeals Unit of the INS for further proceedings consistent with this opinion.