MEMORANDUM *
Global Fabricators, Inc., and Israel G. Cruz (collectively, Global) brought suit against U.S. Citizenship and Immigration Services (USCIS) and others under the Administrative Procedure Act (APA), 5 U.S.C. § 551 et seq., alleging that USCIS’s Administrative Appeals Office (AAO) abused its discretion in denying Global’s nonimmigrant specialty occupation worker visa petition for Cruz. On summary judgment, the district court held that the AAO’s denial was not “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.” 5 U.S.C. § 706(2)(A). We conclude that the district court did not err in granting summary judgment for defendants, as the AAO’s interpretation of the applicable regulations is reasonable and its factual findings are supported by substantial evidence.
I.
The Immigration and Nationality Act (“INA”) specifies that H-1B visas are available only for employment in a “specialty occupation,” 8 U.S.C. § 1101(a)(15)(H), which is defined as a position requiring “(A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor’s or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.” 8 U.S.C. § 1184(i)(l). The corresponding regulations explain that “[t]o qualify as a specialty occupation, the position must meet one of’ four criteria, all of which are at issue here. 8 C.F.R. § 214.2(h)(4)(iii)(A)(l)-(4). The burden is on the petitioning employer to show by a preponderance of the evidence that the named beneficiary “is eligible to receive such visa.” 8 U.S.C. § 1361.
We agree with the district court that Global failed to show any genuine issue of material fact pertaining to whether the proffered position of “Senior Structural Steel Detailer” met any of the four criteria enumerated in 8 C.F.R. § 214.2(h)(4)(iii)(A).

Criterion 1

The district court did not address the first criterion of 8 C.F.R. § 214.2(h)(4)(iii)(A) in its summary judgment ruling, because it erroneously believed that “Global Fabricators did not raise the first criterion ... [before] the USCIS[.]” This statement is incorrect. In fact, Global raised arguments regarding the first criterion before the AAO, and the AAO’s final decision specifically concluded that “the proffered position is not established as a specialty occupation under the criterion at 8 C.F.R. § 214.2(h)(4)(iii)(A)(i) — [that is,] a baccalaureate or higher degree or its equivalent is [not] normally the minimum requirement for entry into the particular position.” We therefore may consider the Plaintiffs’ arguments regarding this criterion.
Doing so, we hold that the AAO did not abuse its discretion in concluding that *579 Global failed to show that “[a] baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position.” 8 C.F.R. § 214.2(h)(4)(iii)(A)(Z). Global submitted no persuasive evidence to show that its Senior Structural Steel Detailer position more closely resembles that of “architect” or “engineer” (which normally require a bachelor’s degree in a specialty field) than that of “architectural drafter” (which normally does not) as described in the Department of Labor’s 2006-2007 Occupational Outlook Handbook. The four job opening advertisements Global submitted to the AAO, posted by other employers and downloaded by Global from the Internet, either lack sufficiently detailed job descriptions to compel the conclusion that the duties involved are substantially similar to that of Senior Structural Steel Detailer at Global, or fail to specify that a bachelor’s degree in a specialty field is a prerequisite. Additionally, Global itself represented in its visa petition and labor conditions application that the position for which it wished to hire Cruz belonged to occupation code 017, which the Department of Labor defines as “drafter,”[1] and the pay level at which Global intended to employ Cruz corresponds to that of a drafter, not of an engineer or architect.

Criterion 2

The AAO’s conclusion that Global failed to show that “[t]he degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree,” 8 C.F.R. § 214.2(h)(4)(iii)(A)(2), is supported by substantial evidence. As to the first clause of criterion 2, again, the comparative postings submitted by Global lack sufficiently detailed job descriptions or do not enunciate a bachelor’s degree requirement. Additionally, the postings do not establish that the sponsoring companies are “similar organizations” to Global, either in terms of their line of work or the size of their workforce. Id. As to the second clause, Global failed to carry its burden of proof for the reasons discussed below, regarding criterion 4.

Criterion 3

The AAO’s conclusion that Global failed to • show that “[t]he employer normally requires a [bachelor’s] degree or its equivalent for the position,” 8 C.F.R. § 214.2(h)(4)(iii)(A)(3), is also supported by substantial evidence. Although Global presented evidence pertaining to two other aliens for whom Global had successfully petitioned for H-1B visas and employed as Senior Structural Steel Detailers, the record contains no relevant evidence that those Detailers’ degrees were “equivalent to” U.S. bachelor’s degrees in a specialty field, as the regulations require. See 8 C.F.R. § 214.2(h)(4)(iii)(C)(4); see also id. § 214.2(h)(4)(iii)(D) (enumerating the sorts of evidence relevant to establishing that a foreign degree is “equivalent to completion of a United States baccalaureate or higher degree”).[2]
Moreover, Global submitted educational information relating to only two of its past *580 and present Senior Structural Steel Detail-ers. The record does not indicate how many Senior Structural Steel Detailers the company has employed since it first began in 1982. Without some indication of how representative the two Detailers’ qualifications are among the entire pool of Senior Structural Steel Detailers Global has employed, the AAO’s conclusion that Global failed to establish that the company “normally requires” a bachelor’s degree for that position is supported by substantial evidence.[3]

Criterion U

Finally, the AAO’s conclusion that Global failed to show that “[t]he nature of the specific duties [of a Senior Structural Steel Detailer at Global] are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree,” 8 C.F.R. § 214.2(h)(4)(iii)(A)(4), is supported by substantial evidence. Global’s counsel’s brief to the AAO (which describes the mathematical ability, engineering knowledge, and' familiarity with drafting software that are required to perform the job) does not reveal how the work of a Senior Structural Steel Detailer at Global is any different from the duties of an “architectural drafter” described in the Occupational Handbook (which include “prepar[ing] technical drawings and plans” and “us[ing] computer aided design and drafting (CADD) systems to prepare drawings”). The AAO reasonably held that without supporting documentation to distinguish the Detailer position from the usual definition of an architectural drafter — for example, “evaluations of the proffered position’s duties by professional/trade associations or experts in a related field” — the “assertions of counsel are not sufficient to meet the petitioner’s burden of proof.” Further, the AAO reasonably declined to credit the conclusory averments of Global’s own Human Resources and Safety Manager as to the complexity of the job, without some objective corroborating evidence or other indication of how the position at Global differs from the industry-wide norm.
II.
Nor did the AAO act arbitrarily or capriciously by denying Global’s H-1B visa petition for Cruz, even though the agency had previously granted H-1B visa petitions to other petitioning employers for Joseph Ybanez, Romeo Callenta, and Israel Cruz himself, for what Global claims were substantially similar positions. Those petitions were granted by USCIS service centers, not by the AAO on appeal from an adverse service center decision.
The Plaintiffs acknowledge that individual service centers’ decisions do not bind the AAO, and that each visa petition is a separate proceeding with a separate record. 8 C.F.R. § 103.2(b)(16)(ii). The Plaintiffs nevertheless submit that the AAO cannot deny Global’s visa petition without “providing] an explanation for its inconsistent decisions.”[4] But the AAO did provide an explanation. It expressly stated in its April 26, 2006 decision that if the prior petition had been approved on sub *581 stantially similar evidence, that approval was erroneous. The AAO was not responsible for or bound by erroneous decisions made at lower levels of the agency, so no more explanation was needed. Moreover, as the AAO decision also noted, the record before the AAO regarding the other cases was not complete. Without the complete submissions presented by the petitioning employers in those other cases, the AAO could not be sure that the other cases were in fact similar to this one or that they were approved on grounds relevant to this case. The fact that the prior petitions were approved on unknown grounds does nothing to help Global meet its own burden of proof.
For the foregoing reasons, the district court’s grant of summary judgment is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. See Department of Labor Form ETA 9035CP, Appendix 1, Labor Condition Application, Three-Digit Occupational Codes, available at http://www.foreignlaborcert. doleta.gov/pdf/hlbcl.pdf.

. The Plaintiffs argue that because the two other Detailers "would not have qualified for H-1B visas without [the USCIS Service Center finding that their foreign degrees were] equivalent [to U.S.] Bachelor’s degrees[,]” the AAO should have credited USCIS's presumed finding, as should we. For the reasons stated infra, Section II, this argument is unpersuasive.

. Further, Global submitted a list of various degreed employees in the engineering department (including the Vice President of Engineering and Marketing and the Chief Sales Estimator), but it did not indicate how many people were employed in the engineering department in total, or what their educational qualifications were. The AAO reasonably concluded that Global’s underinclusive proffer was insufficient to establish that Global "normally requires" a bachelor's degree of employees in the position for which Cruz was to be hired.

. We note that the Plaintiffs' argument relies in part on a misinterpretation of a memorandum of former USCIS associate director William Yates. The Yates Memo deals only with *581 the deference due to prior visa approvals when adjudicating petitions for visa "extension[s] ... involving the same parties (petitioner and beneficiary)” — not prior approvals involving different employers, as is the case here. Similarly, Louisiana Philharmonic Orchestra v. INS, 44 F.Supp.2d 800, 804 (E.D.La.1999), concerns prior H-1B petitions submitted by the same party.